UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                              Plaintiff<br><br>     v.<br><br>MELISSA A. DEUERLING,<br>                              Defendant | Civil Action No. 14-000642 |

**PLAINTIFF'S MEMORANDUM OF LAW CONTRA
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

**I.    FACTUAL HISTORY**

On September 29, 1991, Defendant, Melissa A. Deuerling, executed a promissory note to secure a student loan under the loan in the amount of $2,625.00 from INB National Bank.  The loan was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 et sea. (34 C.F.R. Part 682).  Similarly, Defendant also executed promissory notes on May 28, 1992 in the amount of $2,625.00, and another on March 10, 1993 in the amount of $2,500.00, from INB National Bank, which were also guaranteed by United Student Aid Funds, Inc., and reinsured by the Department of Education under Title IV-B of the Higher Education Act of 1965.  On May 11, 1996, Defendant executed a fourth promissory note in the amount of $4,375.00 from NBD, again guaranteed by United Student Aid Funds, Inc., and reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965.

Defendant defaulted on all the first three promissory notes on October 30, 1999, and the forth note on February 15, 2001, and as a result, upon demand from the holder of the notes, the guaranty agency paid the claims.  The guaranty agency was then reimbursed its claims payments by the Department of Education under its reinsurance agreement. Demand for payment has been made upon the Defendant by the Department of Education, but the accounts remain in default.

On May 16, 2014, Plaintiff commenced this action against Defendant.  On August 12, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint on the basis that the pleading failed to contain any evidence of the debt, apart from the Certificate of Indebtedness.  On August 14, 2014, Plaintiff filed an Amended Complaint attaching copies of the promissory notes.  On September 3, 2014, Defendant filed this Motion to Dismiss the Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure claiming that this Court lacks jurisdiction, that Plaintiff failed to join an indispensible parties, and that Plaintiff has failed to state a claim upon which relief can be granted.

## II.   ARGUMENT

### A.   THIS COURT HAS JURISDICTION OVER THIS MATTER

Defendant claims that this Court lacks jurisdiction because the United States has brought this action as the assignee of the promissory note which was made to a private lender.  In support of her argument, Defendant asserts that the United States as the assignee of the promissory note occupies the same legal position as to the original contracting party, and therefore cannot recover under the assignment any more than the assignor could have recovered, and because the assignor could not have sued in federal court ("for a garden variety state action"), this Court lacks jurisdiction over this case.

Defendant fails to account for Section 1345 of Title 28, 28 U.S.C. § 1345, which provides that "… the district courts shall have original jurisdiction of all civil actions or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to su by Act of Congress".  More importantly, Defendant ignores the provisions under the Higher Education Act, 20 U.S.C. § 1701 *et seq.*, which authorizes educational loans from private lenders with the risk of default for the bank borne by a state agency as guarantor.  In turn, the guarantor's risk is then borne by the federal government as reinsurer of the loan. When the borrower defaults and the guarantor pays the lender, the Department of Education then reimburses the guaranty agency.  Specifically, 20 U.S.C.A. § 1080(b) provides:

> Upon payment of the amount of the loss pursuant to subsection (a) of this section, the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary.

As a result of its payment to the guaranty agency, the United States was subrogated for all the rights of the holder of the obligation, and this Court has jurisdiction to hear this matter. *See United States v. Norcross,* 2008 WL 4360877 (D.Mont. 2008) wherein the Court rejected defendant's argument that the plaintiff stands in the shoes of the original lender, and therefore jurisdiction would be proper in state court, not federal court, referencing both the Higher Education Act and 28 U.S.C. § 1345 for authority granting federal courts jurisdiction. *See also United States v. Dold,* 462 F.Supp. 801 (D. South Dakota 1978) (the United States was subrogated to all rights of the bank that made the student loan to defendant and the district court had jurisdiction pursuant to the Higher Education Act, 20 U.S.C. § 1080).

## B.   PLAINTIFF HAS NOT FAILED TO JOIN INDISPENSABLE PARTIES

Defendant next contends that Plaintiff has failed to join indispensable parties to this action, namely, the original lender, INB Bank, and the guarantor, United Student Aid Funds, Inc., who are necessary parties under Rules 19(a) and 19(b), because she claims there is no evidence of an assignment or guarantee claim which may expose her to multiple liability.  The Certificates of Indebtedness attached to Plaintiff's Amended Complaint, signed by a Loan Analyst for the U.S. Department of Education under penalty of perjury, specifically state that the guaranty agency paid the holder's claim when Defendant defaulted on the promissory notes, that the guarantor was then reimbursed for the claims by the Department of Education, and that on September 14, 2004, the guarantor assigned all its rights and title to the loans to the Department, thus evidencing Plaintiff's ownership of the loans.

In deciding whether or not a party is necessary to an action under Rule 19, the Court undertakes a two step analysis.  First, the Court must determine whether a party is necessary under Rule 19(a), and if so, the party must be joined if feasible.  If the party is necessary but joinder is not feasible, then the court must determine whether that party is indispensable pursuant to Rule 19(b).  *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996); *Schulman v. J.P. Morgan Inv. Management, Inc.*, 35 F.3d 799 (3d Cir. 1994).

Rule 19(a)(1) requires the joinder of a party who is subject to service of process and within the court's subject matter jurisdiction when:

> (A) in the person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede that person's ability to protect that interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation because of the interest.

A court must only consider whether a party is "indispensable" under Rule 19(b) if it first finds that the party is "necessary" under Rule 19(a).

Here the Defendant argues that failure to join the bank and guarantor may subject her to a multiple liability. However, since the Department of Education has made payment on the claims and has been assigned all rights and title to the promissory notes, the United States is the only party the Defendant must deal with, not the bank or the guarantor. *United States v. Olavarrieta*, 632 F.Supp. 895, 899 (S.D.Fla. 1986), *aff'd* 812 F.2d 640, 643 (11th Cir. 1987) (district court dismissed the borrower's third party claim against the school regarding repayment of a defaulted student loan). Once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as the principal. When it was unable to collect the full amount due, the guarantor assigned its rights and title to the loan to the Department of Education. As such, the Department of Education is the only entity entitled to sue on the indebtedness. *United States v. Keathley*, 2011 WL 2600552 (S.D.Tex. 2011). *See also, United States v. Dold,* 462 F.Supp. at 805 (where the United States was subrogated to all rights of the bank that initially issued the federally insured student loan, the bank was not an indispensable party).

Since the bank and guarantor are not "necessary" parties under Rule 19(a)(1), the Court is not required to make a determination of indispensability under Rule 19(b). *United States v. Keathley, supra.*

### C. PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule

8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, (2007) citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). *See also, Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In considering a motion under F.R.C.P. 12(b)(6), all of the allegations contained in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 249-251 (1989); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). The Court may dismiss a complaint pursuant to Rule 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proved consistent" with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994); *Abdul-Akbar v. Watson*, 901 F.2d 329, 334-35 (3d Cir. 1990), quoting *Neitzke v. Williams*, 490 U.S. 319 (1989).

     The defense of failure to state a claim upon which relief can be granted may be raised by motion pursuant to Rule 12(b)(6). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must consider *only those facts alleged in the complaint* and accept all of the allegations as true. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 885, 889 (3d Cir. 1994) (*emphasis supplied*). In considering a motion to dismiss under Rule 12(b)(6), the Court will "take all well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665, *cert. denied,* 489 U.S. 1065 (1989).

In this case, Defendant argues that Plaintiff does not allege any consideration in that the Complaint does not allege that Defendant either received the funds or that the school provided services for Plaintiff.  A similar argument was raised in *United States v. Davis*, 817 F.Supp. 926 (M.D. Alabama 1993), wherein the student contended that the government was not entitled to collect on the loan because of a lack of consideration in that the school either failed to provide any educational services or provided services that were not adequately to entitle it to the proceeds of the student loan at issue.  In rejecting this defense the court stated that the defendant had applied for and received a loan through her school.  Similarly in this case, Defendant had applied for the student loan, and the funds were disbursed in the amounts and on the dates indicated in the Certificates of Indebtedness attached to the Amended Complaint.  Thus, there is no lack of consideration paid by the United States where it reimbursed the guarantor for the claims paid.

In order to establish a prima facie case to collect on a promissory note, the United States Department of Education need only produce the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst. *United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001); *Guillermety v. Secretary of Education,* 341 F.Supp. 682, 688 (E.D.Mich. 2003); *United States v. Kearsley*, 831 F.Supp. at 379. Once the government has established a prima facie case, the defendant then has the burden of proving the nonexistence, extinguishment, or variance in payment of the obligation. *Guillermety v. Secretary of Education,* 341 F.Supp. at 688.  In this case, the Plaintiff has sufficiently set forth a claim for relief in its amended Complaint by attaching copies of the promissory notes and certificates of indebtedness.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss.

.

                              Respectfully submitted,

                              KML LAW GROUP, P.C.

                              By:  /s/ Thomas I. Puleo_____
                              Thomas I. Puleo, Esquire
                              Pennsylvania Attorney I.D. No. 27615
                              Suite 5000 – Mellon Independence Center
                              701 Market Street
                              Philadelphia, PA  19106-1532
                              (215) 825-6309 (Direct)
                              email: tpuleo@kmllawgroup.com
                              Original signature not required/electronic filing

Date:  September 10, 2014