IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil No. 14-642 |
| MELISSA A. DEUERLING, | ) | |
| Defendant. | ) | |

**O R D E R**

AND NOW, this 28th day of May, 2015, in consideration of Defendant Melissa Deuerling's pro se Motion to Dismiss Amended Complaint (Doc. No. 11) and memorandum in support thereof (Doc. No. 12), filed in the above-captioned matter on September 3, 2014, and in further consideration of Plaintiff United States of America's memorandum in opposition thereto (Doc. No. 15), filed in the above-captioned matter on September 10, 2014,

IT IS HEREBY ORDERED that, for the reasons set forth herein, Defendant's Motion is DENIED. IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 12(a)(4), that Defendant shall serve and file her answer to the Amended Complaint no later than June 18, 2015.

**I. Background**

In this action, Plaintiff seeks to collect on student loan debts allegedly incurred by Defendant and owed to Plaintiff. Specifically, the Amended Complaint contends that Defendant executed a series of promissory notes to secure student loans from INB National Bank and NDB ("the holders"), and that Defendant defaulted on her obligations and is now indebted to Plaintiff as reinsurer of the loans in the amount of $23,417.93, plus a filing fee, interest, and costs.

1

Copies of the relevant promissory notes, along with the related Certificates of Indebtedness ("Certificates"), are attached as exhibits to the Amended Complaint (Doc. No. 8). The Certificates were signed under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), by a loan analyst for the United States Department of Education.

According to the Certificates, the loans were guaranteed by United Student Aid Funds, Inc. ("United"), and reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1070 et seq. (34 C.F.R. pt. 682). The Certificates further indicate that when Defendant defaulted on her obligations, the holders filed claims on United, and United paid their claims. Additionally, according to the Certificates, United was then reimbursed for those claims payments by the Department of Education under its reinsurance agreement, and United assigned its rights and titles to those loans to the Department of Education. Before the Court is Defendant's Motion to Dismiss the Amended Complaint. The Court will address each of Defendant's arguments in turn.

## II. Legal Analysis

### A. Lack of Jurisdiction

Defendant first contends that the Court lacks jurisdiction over this action because Plaintiff, as assignee of the promissory notes at issue, possesses only the rights of the original lenders and, therefore, may not bring suit in federal court since the original assignors could not have done so. In support of her claim, Defendant relies on the general contract law principle that an assignee stands in the shoes of the assignor. However, as Plaintiff points out in its brief, Defendant fails to take into account the relevant federal statutes that provide guaranteed loans to students like her.

Pursuant to the Higher Education Act, 20 U.S.C. § 1070 et seq., commercial lenders may provide educational loans to students, and a guaranty agency bears the risk of default. See United States v. Norcross, No. 8-37, 2008 WL 4360877, at *1 (D. Mont. Sept. 23, 2008). Indeed, the Certificates here note that, "[p]ursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor [United] pays on a default claim, the entire amount paid becomes due to the guarantor as principal." (Doc. No. 8-1, at 4, 9, 12). The federal government as reinsurer then bears the guarantor's risk, and if the federal government must fulfill its obligation to pay the guarantor, the student is indebted to the federal government. See 20 U.S.C. § 1078(c)(8); United States v. Norcross, 2008 WL 4360877, at *1; United States v. Dold, 462 F. Supp. 801, 804 (D.S.D. 1978). In fact, 20 U.S.C. § 1080(b) specifically states that, upon payment of the claim, "the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary." Additionally, 28 U.S.C. § 1345 specifically provides that federal district courts have jurisdiction over civil actions commenced by the United States, as is clearly the case here.

Thus, according to the Amended Complaint and attached Certificates, Plaintiff was subrogated for the rights of the holders of the obligations as a result of its payments to the guaranty agency, and Plaintiff appropriately commenced its collection action in this Court. Accordingly, Defendant's first argument, that this Court lacks jurisdiction to hear Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1), is rejected.

### B. **Failure to Join Indispensable Parties**

Defendant next claims that Plaintiff has failed to join indispensable parties to this action pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. Specifically, Defendant argues

that the holders and United are necessary parties because Defendant has provided no evidence of the assignments or guarantees between them, which could expose her to multiple obligations if a judgment is rendered in this case without those entities' involvement.

Rule 19 provides, in relevant part, that a party must be joined if feasible if they are subject to service of process and their joinder will not deprive the court of subject matter jurisdiction, and if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If the party is deemed necessary, but joinder is not feasible, then the Court must proceed to determine whether the party is indispensable pursuant to Rule 19(b). See Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 706 (3d Cir. 1996).

According to the Certificates, in the course of reimbursements made upon Defendant's default, the Department of Education paid United on its claims and was assigned all rights and titles to the relevant promissory notes. Therefore, Plaintiff is the only party to whom Defendant is obligated for her debts. See United States v. Olavarrieta, 632 F. Supp. 895, 899 (S.D. Fla. 1986) ("Once the defaulted loan is paid, the government, as guarantor, is the party [the defendant] must deal with, not the University or the bank."). The other entities identified by Defendant have no role in this action. In fact, the Certificates specifically provide that once United paid the holders on the default claims, the amount paid became due to it as guarantor, and that when United attempted to collect those debts from Defendant, it was unable to collect the full amount due and assigned its rights and titles to the loans to the Department of Education. Therefore, according to the Certificates, the Department of Education is the only entity that may

sue on the indebtedness. See United States v. Keathley, No. 11-107, 2011 WL 2600552, at *3 (S.D. Tex. June 29, 2011) (holding, in a situation similar to that of the present case, that the Department of Education was the only entity entitled to sue on indebtedness); United States v. Dold, 462 F. Supp. at 805 (holding that the original lender bank was clearly not an indispensable party where it had received payment from the United States for a defaulted student loan).

Accordingly, the Court disagrees with Defendant's assertion that she will be exposed to multiple liabilities if the holders and United are not joined as plaintiffs. Additionally, because these entities are not necessary parties to this litigation, the Court need not proceed to determine whether they are indispensable pursuant to Rule 19. The Court thus finds Defendant's allegation that Plaintiff has failed to join indispensable parties pursuant to Rules 12(b)(7) and 19 to be without merit.

### C. Failure to State a Claim upon Which Relief Can Be Granted

Lastly, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and . . . this standard does not require 'detailed factual allegations.'" Phillips, 515 F.3d at 231

(quoting Twombly, 550 U.S. at 555 (additional internal citation omitted)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

It should be noted, however, that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). In order to survive a motion to dismiss, therefore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (internal citation omitted)).

In this case, Defendant claims that Plaintiff failed to allege any consideration since Plaintiff does not allege that Defendant received the funds at issue or that the school provided services. However, according to the Amended Complaint and attached documents, Defendant applied for student loans, the funds were disbursed in designated amounts and on certain dates, and Plaintiff later reimbursed the guarantor of those loans for claims it paid upon Defendant's default. In such a situation, it is clear that Plaintiff has sufficiently alleged consideration. See, e.g., United States v. Davis, 817 F. Supp. 926, 928 (M.D. Ala. 1993) (rejecting a similar defense

alleging lack of consideration, where a student asserted that the government could not collect on a debt due to lack of consideration—because the school either did not provide any educational services or those services were inadequate—when the student had applied for, and had received, a student loan through her school).

In fact, to establish a prima facie case to collect on a promissory note, Plaintiff need only produce the relevant promissory notes and certificates of indebtedness signed under penalty of perjury by a loan analyst.  See United States v. Davis, 28 Fed. Appx. 502, 503 (6th Cir. 2002); Guillermety v. Sec'y of Educ., 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003).  The defendant then has the burden of proving the nonexistence, extinguishment, or variance in payment of the obligation.  See United States v. Davis, 28 Fed. Appx. at 503; Guillermety v. Sec'y of Educ., 341 F. Supp. 2d at 688.  Here, Plaintiff has attached to the Amended Complaint the relevant promissory notes and certificates of indebtedness, properly signed under penalty of perjury by a loan analyst.  Accordingly, the Court finds that the Amended Complaint sufficiently alleges consideration, and Defendant's contention that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is, thus, meritless.

### III. Conclusion

For the reasons stated, the Court finds no merit to Defendant's arguments.  Accordingly, Defendant's Motion is denied.

s/Alan N. Bloch
Alan N. Bloch
United States District Judge

cc:    Counsel of Record

Melissa Deuerling
2802 Sebolt Road
South Park, PA 15129