UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff<br><br>v.<br><br>MELISSA A. DEUERLING,<br>                    Defendant | Civil Action No. 14-000642 |

**MOTION OF PLAINTIFF, UNITED STATES OF AMERICA, TO DISMISS DEFENDANT'S COUNTERCLAIMS UNDER RULE 12(B) FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

Plaintiff, United States of America, by their counsel, respectfully moves to dismiss the Counterclaims of Defendant, Melissa A. Deuerling, pursuant to F.R.C.P. 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, based upon the following:

1. On May 16, 2014, Plaintiff, United States of America, on behalf of its agency, the Department of Education, filed a Complaint against Defendant, Melissa A. Deuerling, to collect moneys due and owing on account of several defaulted student loans made to Defendant under the Higher Education Act of 1965, as amended 20 U.S.C.A. §1071 et seq.

2. On July 3, 2015, Defendant filed an Answer with Affirmative Defenses and Counterclaim.

3. In Count I Defendant seeks judgment for contribution and indemnification under the Federal Tort Claims Act, 28 U.S.C. § 1346, or alternatively, for declaratory judgment.

4. In Counts II and III, Defendant requests judgment for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

### I.     MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(1) FOR LACK OF JURISDICTION

5. Plaintiff incorporates by reference paragraphs 1 through 4 above as though fully set forth herein at length.

6. In this action, Plaintiff, United States of America, on behalf of its Agency, the Department of Education, is seeking to enforce its rights to collect moneys due and owing on certain promissory notes for student loans which are in default.

7. In her Counterclaim, Defendant is seeking affirmative relief against Plaintiff for contribution and indemnification under the Federal Tort Claims Act, 28 U.S.C. § 1346, or in the alternative for a declaratory judgment providing that any amounts recovered by the United States offset any amounts she owes on the basis that a *qui tam* False Claim Act (31 U.S.C. § 3730) action was filed against her school to recover amounts provided under federal student loan funding in the matter of *United States ex rel. Washington v. Education Management Corporation*, Civil Action No. 07-461 (W.D.Pa. 2007).

8. Defendant also seeks relief and damages against Plaintiff for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g.

#### a.     Sovereign Immunity

9. Plaintiff, United States of America, is immune from suit, including Defendant's Counterclaim, and Plaintiff has not waived its sovereign immunity.

10. Sovereign immunity acts as a jurisdictional bar that shields the federal government from suits to which it has not consented, and sovereign immunity extends to counterclaims. *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 841 L.Ed. 888 (1940).

11. The United States has not waived its sovereign immunity under the Federal Tort Claims Act, 28 U.S.C. § 1346.

12. The United States has not waived sovereign immunity under the False Claims Act, 31 U.S.C. § 3730.

13. The United States has not waived sovereign immunity under the Fair Debt Collection Practices Act. 15 U.S.C. § 1692a(6)(C).

### b.   Defendant's Claim under the Federal Tort Claims Act

14. The Federal Tort Claims Act provides that suit may be brought against the United States "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); 28 U.S.C. §1346(b).

15. The Federal Tort Claims Act providing a limited waiver of the United States' sovereign immunity for certain tortious conduct requires that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." The provisions of this subsection shall not apply to counterclaims. 28 U.S.C. § 2675(a).

16. This exception under Section 2675(a) applies only to compulsory counterclaims filed in response to affirmative suits which sound in tort and the counterclaim is compulsory in nature. *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986).

17. Plaintiff's action arises from the student loan contract and is in contract, Defendant's counterclaim sounds in tort, and therefore, it is not a compulsory counterclaim.

18. Defendant's counterclaim does not arise out of the same transaction or occurrence which is the subject matter of this action by Plaintiff.

19. Since Section 2675(a) exception is not applicable, Defendant's counterclaim must be dismissed for failure to exhaust the applicable administrative remedies

      **c.**     **Defendant's Claim based on the False Claim Act**

      **1. Defendant's Claim is precluded by the "First-to-File" Bar.**

20. The False Claims Act provides that provides that when a person brings an action, no person other than the government may intervene or bring a related action based on the facts underlying the pending action. 31 U.S.C. § 3730(b)(5).

21. Since the Defendant's claims were already filed in the case of *United States ex rel. Washington v. Education Management Corporation*, Civil Action No. 07-461 (W.D.Pa. 2007), she is precluded from raising the same claims in this case.

      **2. Defendant's Claim is based upon prior public disclosures.**

22. The False Claims Act provides that the court shall dismiss an action or claim if substantially the same allegations or transactions as alleged in this action or claim were publicly disclosed in a federal criminal, civil or administrative hearing in which the government is a party. 31 U.S.C. § 3730(e)(4)(A).

23. Defendant's claims for contribution and/or indemnification and declaratory relief in this case is based solely on the action in the case of *United States ex rel. Washington v. Education Management Corporation*, Civil Action No. 07-461 (W.D.Pa. 2007), wherein the relator brought a *qui tam* False Claim Act case against the operator of private post-secondary schools and its schools, including the Art Institute of Pittsburgh, where Plaintiff attended,

alleging violations of Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1070 et seq., wherein the United States had chosen to intervene.

24. Defendant's claim is barred by the False Claims Act's public disclosure bar since the information upon which Defendant relies is already publicly known, and Defendant is not the original source of the publicly known information.

25. Courts do not have jurisdiction over False Claims Act claims that are based upon publicly disclosed information, unless the person brining the action is an original source of the information. 31 U.S.C. § 3730(e)(4)(A).

### d. Defendant's Claims based on the Fair Debt Collection Practices Act

26. The Fair Debt Collection Practices Act specifically excludes "any officer of employee of the United States or any State to the extent that collecting or attempt to collect a debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).

27. The United States has not waived sovereign immunity under the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order dismissing Defendant's Counterclaim with prejudice for lack of jurisdiction.

### II. MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

28. Plaintiff incorporates by reference paragraphs 1 through 27 above as though fully set forth herein at length.

29. Defendant's Counterclaim fails to state a cause of action upon which relief can be granted.

      a.      **Count I – For Contribution and Indemnification and for Declaratory Judgment**

30. Count I of Defendant's counterclaim for contribution and/or indemnification, and for declaratory judgment, is based solely upon an expectation of recovery under the False Claims Act in the *qui tam* action in the matter of *United States ex rel. Washington v. Education Management Corporation*, Civil Action No. 07-461 (W.D.Pa. 2007).

31. In order to establish a prima facie case under the False Claims Act, the plaintiff must prove that: (1) the defendant presented a false or fraudulent claim against the United State; (2) the claim was presented to an agency or contractor of the United States; and (3) the defendant knew the claim was false or fraudulent. *See* 31 U.S.C. § 3729(a).

32. Defendant has not alleged in her counterclaim that the Plaintiff, United States of America, acting on behalf of its agency, the Department of Education, filed a false claim with or otherwise used false statements or fraudulent conduct to defraud itself.

33. Defendant has failed to sufficiently allege any actions by Plaintiff which constitute fraud or mistake with particularity as required by Fed.R.Civ.P. 9(b).

34. Defendant is not the *"qui tam"* plaintiff in the aforesaid False Claims Act case, *United States ex rel. Washington v. Education Management Corporation*, from which she seeks contribution and indemnification or for declaratory relief, and therefore is not entitled to receive any of the proceeds from the action or settlement of the claim. 31 U.S.C. § 3730(d).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order dismissing Count I of Defendant's Counterclaims with prejudice for failure to state a claim upon which relief can be granted.

### b. Count II - Violation of the Fair Debt Collection Practices Act

35. In Count II of her counterclaim Defendant alleges that the Plaintiff, United States of America, acted in the capacity as a debt collector as the assignee of the original payee on the promissory note, namely, INB National Bank.

36. Defendant further asserts that Plaintiff violated the Fair Debt Collections Act, 15 U.S.C. § 1692g, by failing to include notice that it was a debt collector, that she had the right to dispute the debt, and that she could request the name and address of the original creditor.

37. Plaintiff, United States acting on behalf of its agency, the Department of Education, is not a debt collector.

38. Since Plaintiff is not a debt collector, it cannot be held liable under the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order dismissing Count II of Defendant's Counterclaim with prejudice for failure to state a claim upon which relief can be granted.

### c. Count III – Violation of the Fair Debt Collection Practices Act

39. In Count III of her counterclaim Defendant alleges that the Plaintiff, United States of America, hired several other collection agencies to assist in collecting the student loan debt, and that although she notified the debt collectors that she disputed the debt and requested the name and address of the original creditor, neither the United States nor the collections agencies provided verification of the debt or the name and address of the original creditor, and also failed to cease and desist its attempts to collect the debt.

40. The third party debt collectors are subject to the Fair Debt Collection Practices Act.

41. Plaintiff, United States, cannot be held vicariously liable for the actions of any debt collectors.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order dismissing Count III of Defendant's Counterclaim with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

KML Law Group, P.C.

By: /s/ Thomas I. Puleo
Thomas I. Puleo, Esquire
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6309 (Direct)
FAX (215) 825-6409
email: tpuleo@kmllawgroup.com
Original signature not required/electronic filing


UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff<br>v.<br>MELISSA A. DEUERLING,<br>                Defendant | Civil Action No. 14-000642 |

**CERTIFICATE OF SERVICE**

This is to certify that, in this case, completed copies of all papers contained in the attached Response to Defendant's Motion to Dismiss Amended Complaint were served upon Defendant by placing copies in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing envelopes and contents in the United States Mail on the 13th day of July, 2015 upon:

Melissa A. Deuerling
2802 Sebolt Road
South Park, PA 15129

        Respectfully submitted,

        KML Law Group, P.C.

        By: /s/ Thomas I. Puleo
        Thomas I. Puleo, Esquire
        Pennsylvania Attorney I.D. No. 27615
        Suite 5000 – Mellon Independence Center
        701 Market Street
        Philadelphia, PA  19106-1532
        (215) 825-6309 (Direct)
        FAX (215) 825-6409
        email: tpuleo@kmllawgroup.com
        Original signature not required/electronic filing