IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 14-642 |
| | ) | |
| v. | ) | |
| | ) | |
| MELISSA A. DEURELING, | ) | |
| | ) | JUDGE BLOCH |
| Defendant, Counterclaimant | ) | |
| and Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | *(Electronically Filed)* |
| G.C. SERVICES, L.P., et al., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AND THIRD PARTY DEFENDANTS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

AND NOW, comes Plaintiff, United States of America, and Third Party Defendants, U.S. Department of Justice, U.S. Department of Treasury and U.S. Department of Education, by and through their attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Michael C. Colville, Assistant U.S. Attorney for said district, and files the following Memorandum of Law in Support of their Motion to Dismiss Defendant's Counterclaim as follows:

**INTRODUCTION**

On July 20, 2015, Defendant, Melissa A. Deuerling filed a Third Party Complaint wherein she asserted claims against the United States Department of Education, United States Department of the Treasury and United States Department of Justice for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Privacy Act ("the Act."). (ECF 24.) In an Order of Court dated July 15, 2015, this Honorable Court noted that although Defendant entitled

her filing a "Third Party Complaint" that it was in essence an amended pleading that elaborated on her previously filed "Answer to Amended Complaint, and Counterclaim." (ECF 25.) As such, the Court ordered the United States of America to respond to Defendant's counterclaim no later than September 21, 2015. Id.

## ARGUMENT

### A. Claims Asserted Against The U.S. Department of Education, U.S. Department of Treasury and U.S. Department of Justice Based Upon The Fair Debt Collections Practices Act Are Barred By Sovereign Immunity

The federal government cannot be sued for monetary damages unless Congress has waived immunity or the government has consented to suit. United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Federal agencies and government employees acting in their official capacity are also protected by sovereign immunity. Brown v. General Services Administration, 425 U.S. 820, 826-27, 96 S.Ct.1961, 48 L.Ed.2d 402 (1976). In order for Defendant in this case to assert her counterclaim against the United States, or any of its agencies, it is incumbent upon her to show that the government has waived its sovereign immunity. The person arguing that the government has waived sovereign immunity has the burden of persuasion to establish that such a waiver exists. Koresko v. Solis, 2011 WL 5447435 (E.D. Pa.). In this regard, a waiver of sovereign immunity must be express and unequivocal, and must be strictly construed in favor of the United States. Clinton County Comm'rs v. United States Environmental Protection Agency, 116 F.3d 1018 (3d Cir. 1997).

Here, Defendant alleges that the U.S. Department of Education, U.S. Department of Treasury and U.S. Department of Justice violated the FDCPA. The FDCPA is an Act which is intended to protect debtors and non-debtors from misleading and abusive debt collection activities. See 15 U.S.C. § 1692(e). The Act subjects a debt collector to civil liability for failure

to comply with its provisions. See, 15 U.S.C. § 1692k(a). However, the Act specifically excludes "any officer or employee of the United States or any State to the extent that collecting or attempt to collect a debt is in the performance of his official duties," as one acting as a "debt collector" under the Act. See, 15 U.S.C. § 1692a(6)(C). Moreover, there is nothing in the Act which contains any unequivocal or express waiver of sovereign immunity. Wagstaff v. United States Department of Education, 509 F.3d 661, 664 (5th Cir. 2007).

Third Party Defendants, U.S. Department of Justice, U.S. Department of Treasury and U.S. Department of Education are not debt collectors under the FDCPA and are immune from claims brought pursuant to the FDCPA. Frew v. Van Ru Credit Corporation, 2006 WL 2261623, at *3 (E.D. Pa. 2006); Burgess v. U.S. Dept. of Educ., 2006 WL 1047064, at *5 (D. Vt. 2006); DeNello v. U.S. Dept. of Educ., 2006 WL 3783010, at *1, n. 2 (N.D. Ill. 2006); 15 U.S.C. § 1692(a)(6). As such, Defendant's counterclaim in this case must be dismissed for lack of subject matter jurisdiction.

### B. Defendant Has Failed To State A Cognizable Claim Against The U.S. Department Of Education For Alleged Violations Of The Privacy Act

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). When deciding whether to grant or deny a 12(b)(6) motion, the United States Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court held, "... a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). The Court specifically highlighted the two principles which formed the basis of the Twombly decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. Id. at 678-79. Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. Id. at 679. This means that a complaint must do more than allege the entitlement to relief, its facts must show such an entitlement. Id. (citing Fed.R.Civ.P. 8(a)(2)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). Thus, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint must be dismissed. Id. Stated simply, the pleading standard under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Holmes v. Gates, No. 08-2152, 2010 WL 956412, at *2 (M.D. Pa. March 11, 2010) (quoting Iqbal, 129 S.Ct. at 1949 and Twombly, 550 U.S. at 555).

Here the particularity required by Iqbal and Twombly to state a plausible claim under the Privacy Act is lacking. In her counterclaim, Defendant has alleged that the Department of Education violated provisions of the Privacy Act when it improperly released "information" to

other federal agencies, collection agencies and private counsel and did so without properly accounting for its disclosures. However, Defendant's counterclaim is simply too vague and conclusory to state a claim.

The allegations of Defendant's counterclaim do not describe nor identify the "information" that she believes was improperly disclosed, nor does it specify when the "information" was disclosed or to whom the "information" was disclosed -- beyond a generic reference to other federal agencies, private counsel and/or collection agencies. As such, Defendant's allegations of an improper disclosure do not establish that the Privacy Act is even applicable to her claim. In this regard, it is noted that the Privacy Act does not preclude the disclosure of all records. To the contrary, a record is authorized to be disclosed under the Privacy Act if the disclosure would be a "routine use," or if the disclosure is to another agency for civil law enforcement activity. 5 U.S.C. §§ 552a(b)(3)(7). Pursuant to the Act, the Department of Education is permitted, under the "routine use" exception, to disclose documents under circumstances, including, but not limited to:

> "(d) To enforce the conditions or terms of the loan or grant disclosures may be made to guaranty agencies, educational and financial institutions…to private parties,…to creditors; to consumer reporting agencies; and to adjudicative bodies;
>
> (e) To permit making, servicing, collecting, assigning, referring, or discharging a loan or collecting a grant obligation…."
>
> (i) "prepare a debt for litigation, to provide support services for litigation on a debt, to litigate a debt, or to audit the results of litigation on a debt, disclosures may be made to guaranty agencies and their authorized representatives; to Federal, State, or local agencies, and their authorized representatives; and to adjudicative bodies:"

Federal Register, Vol. 79, No. 177, p. 54690 (attached).

Although Defendant has failed to specify or identify the substance of the "information" she claims was improperly disclosed, she seems to be complaining about disclosures that the

U.S. Department of Education made in an effort to collect on her outstanding student loan. A disclosure to the U.S. Department of Treasury would ordinarily be related to the Treasury Offset Program, a disclosure to the U.S. Department of Justice would ordinarily be related to the litigation referral, and the disclosure to private agency counsel would ordinarily be related to collection activity on behalf of the United States of America. Each of these types of disclosures would fall squarely within the Department of Education's routine use exception to the Privacy Act. See, Federal Register at pp. 54690-92 (attached). However, as a result of Defendant's failure to allege sufficient factual support concerning the substance of the "information" she claims was improperly disclosed, it is impossible to know whether the "information" is subject to the Privacy Act, or is instead a "routine use" of records maintained by the Department of Education and an exception under the Act. Consequently, Defendant has failed state a plausible claim as required by Iqbal and Twombly and her claims should be dismissed with prejudice.

Defendant has also alleged that the U.S. Department of Education failed to "keep an accounting of the disclosures." As with her claim of improper disclosures of "information," Defendant has also failed to describe or identify the specific violation(s) or infraction(s) of the accounting provisions of the Privacy Act at 5 U.S.C. § 552a(c)(1). In this regard, Defendant makes no allegation that she ever: (1) made a request for an accounting; (2) was denied an accounting by the Department of Education; or (3) has ever reviewed the Department of Education's system of records and found accounting errors and/or irregularities. Further, the language of subsection (c)(1) explicitly excepts an accounting of intra-agency "need to know" disclosures. See 5 U.S.C. § 552a(c)(1).

Aside from conclusory allegations that there was a violation of the accounting provision of the Act, Defendant's counterclaim is devoid of any facts which support that claim. Because

Defendant has failed to allege any facts in support of her conclusory allegations, Third Party Defendant, Department of Education, is unable to discern what Defendant is complaining about and how she was harmed by an alleged failure to account for disclosures – especially if the facts reveal that the disclosures involved records that were covered by the "routine use" exception under the Act. As with her allegations of improper disclosures, Defendant has simply made conclusory allegations, without any factual support and has failed to state a plausible claim as required by Iqbal and Twombly. Defendant's claim should be dismissed with prejudice.

Further, an individual may only sue for a violation of 5 U.S.C. § 552a(c) if the violation had "an adverse effect" on her. See 5 U.S.C. § 552a(g)(1)(D). An individual suffers an "adverse effect" if she "satisfies the injury-in-fact and causation requirements of Article III standing." Doe v. Chao, 540 U.S. 614, 624, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004). Here, Defendant has not sufficiently alleged any facts that the Department of Education's disclosures or purported failure to keep an accurate accounting of the disclosures caused her any "'concrete and particularized'" injury that can be "'fairly trace[d] to the challenged action.'" See, North Carolina v. Envt'l Protection Agency, 587 F.3d 422, 425 (D.C.Cir.2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Defendant's allegation that she was harmed by disclosures and/or a failure to account for its disclosures is conclusory, lacks sufficient factual support and defies common sense. This is especially true, whereas here it appears that the alleged disclosures were likely covered by the "routine use" exception to the Privacy Act. Further, it is difficult to imagine a scenario where a lack of accounting caused harm or caused collection agencies or private counsel to harass Defendant for an unpaid student loan. A more reasonable scenario is that the collection agencies and private counsel became involved as a result of Defendant's own failure to pay her debt – not

because the Agency failed to account for an alleged disclosure.  Similarly, the alleged lack of accounting isn't to blame for the alleged violations of the FDCPA.  Aside from conclusory allegations, Defendant has not sufficiently alleged causation and/or any "adverse effect" from the Department of Education's supposed disclosures or accounting violations.  Again, Defendant has failed to comply with the pleading requirements of Iqbal and Twombly and her claims should be dismissed with prejudice.

Finally, assuming arguendo that Defendant can show: (1) a violation; (2) an adverse effect; (3) causation; and (4) intentional or willful agency conduct, actual damages sustained are recoverable.  5 U.S.C. § 552a(g)(4)(A).  However, in FAA v. Cooper, 132 S.Ct. 1441, 1452 (2012), the Supreme Court explained that the term "actual damages," as used in the Privacy Act refers to "proven pecuniary loss."  There, the Court refused to award monetary damages to the Plaintiff for any non-pecuniary losses such as humiliation, embarrassment, mental anguish or other emotional distress.  Id. at 1447.  In this case, Defendant's claim for actual damages is completely unsupported by any facts evidencing a pecuniary loss.  Nowhere in her counterclaim does she allege a pecuniary loss as a result of an improper disclosure of "information," nor does she allege a pecuniary loss as a result of an alleged lack of accounting.  Accordingly, Defendant's claim for damages should be dismissed with prejudice based upon her failure to alleged and support a claim for pecuniary loss.

Respectfully Submitted,


DAVID J. HICKTON
United States Attorney


/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney
Western District of PA
U. S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
(412) 894-7337
PA ID No. 56668

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2015, a true and correct copy of the within MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AND THIRD PARTY DEFENDANTS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM was served by electronic filing and/or postage paid U.S. Mail, to and upon the following:

Thomas I. Puleo, Esquire
KML Law Group, P.C.
701 Market Street
Mellon Independence Center
Suite 5000
Philadelphia, PA 19106

Melissa Deuerling
2802 Sebolt
South Park, PA 15129

/s/ Michael C. Colville
MICHAEL C. COLVILLE
Assistant U.S. Attorney