IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 14-642 |
| MELISSA A. DEUERLING, | ) |
| Defendant, Counterclaimant, and Third Party Plaintiff, | ) |
| v. | ) |
| G.C. SERVICES, L.P., et al., | ) |
| Third Party Defendants. | ) |

## **O R D E R**

AND NOW, this 28th day of September, 2016, in consideration of the Motion to Dismiss Defendant's Amended Counterclaim (Doc. No. 33) and memorandum in support thereof (Doc. No. 34) filed in the above-captioned matter by Plaintiff United States of America and Third Party Defendants United States Department of Justice, United States Department of Treasury, and United States Department of Education ("the Government"), on December 10, 2015, and in further consideration of Defendant Melissa A. Deuerling's brief in opposition thereto (Doc. No. 37), filed in the above-captioned matter on February 17, 2016,

IT IS HEREBY ORDERED that, for the reasons set forth herein, Plaintiff's and Third Party Defendants' Motion is GRANTED. IT IS FURTHER ORDERED, pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6), that Counts I, II, III, VI, and VII of the Amended Counterclaim/Cross Claim and Third Party Complaint are hereby dismissed.

I. **Background**

In this action, the United States seeks to collect on student loan debts allegedly incurred by Defendant and owed to the United States. The Amended Complaint contends, quite simply, that Defendant executed a series of promissory notes to secure student loans, and that Defendant defaulted on her obligations and is now indebted to the United States as reinsurer of the loans in the amount of $23,417.93, plus a filing fee, interest, and costs. (Doc. No. 8). In response to the Amended Complaint, Defendant originally filed a Motion to Dismiss (Doc. No. 11), which the Court denied. Subsequently, Defendant filed an "Answer to Amended Complaint, and Counterclaim." (Doc. No. 20). In response, the Government filed a Motion to Dismiss Defendant's Counterclaims. (Doc. No. 22).

Next, rather than filing a brief in opposition to the Government's motion, Defendant filed a Third Party Complaint. (Doc. No. 24). Although Defendant entitled her filing a "Third Party Complaint," the Court noted that it was essentially an amended pleading that elaborated on her previously filed "Answer to Amended Complaint, and Counterclaim." The Court thus declared the Government's Motion to Dismiss moot, since it addressed what was no longer the most recent pleading, and ordered the Government to respond to Defendant's counterclaims contained in the Third Party Complaint. (Doc. No. 25). In response, the Government, once again, filed a Motion to Dismiss Defendant's Counterclaim (Doc. No. 26), to which the Court ordered Defendant to file a response. Again, rather than filing a brief in response to the Government's motion, Defendant filed a new pleading, entitled "Amended Counterclaim/Cross Claim and Third Party Complaint" (Doc. No. 31), which, after several incarnations, now includes claims

2

under the Federal Tort Claims Act, the Fair Debt Collection Practices Act, and the Privacy Act. The Court, once again, denied the Government's most recent Motion to Dismiss and ordered the Government to file a response to the claims in the Amended Counterclaim/Cross Claim and Third Party Complaint ("Amended Counterclaim"). (Doc. No. 32).

On December 10, 2015, the Government filed Plaintiff's and Third Party Defendants' Motion to Dismiss Defendant's Amended Counterclaim, which is the motion that is currently before the Court.

## II. Legal Analysis

### A. Claim Under the Federal Tort Claims Act

The Government asserts, first, that Defendant's claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., is barred by the doctrine of sovereign immunity. As a general rule, the United States and its agencies are immune from suit unless Congress has expressly provided consent to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). "Absent a waiver, sovereign immunity shields the United States and its agencies . . . from suit." Williams v. U.S. Dist. Ct. for D.N.J., 455 Fed. Appx. 142, 143 (3d Cir. 2011). Moreover, a "waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" United States v. Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)). The burden of persuasion rests with the party arguing that the government has waived sovereign immunity. See Koresko v. Solis, 2011 WL 5447435, at *8 (E.D. Pa. Nov. 10, 2011).

The FTCA creates a limited waiver of sovereign immunity in civil actions or claims for monetary damages for certain tortious conduct, described as "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of

the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). Although the FTCA provides a waiver of sovereign immunity for such conduct, it also requires that—before a claimant can bring an action against the United States—he must first have exhausted his administrative remedies by presenting "the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a); Sanon v. Dep't of Higher Educ., 2010 WL 1049264, at *3 (E.D.N.Y. Mar. 18, 2010). This claim requirement is jurisdictional and cannot be waived. See Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983).

In the case at bar, however, Defendant has not alleged that she filed any such administrative claim. Instead, she contends that her claim is not subject to the FTCA's prerequisite procedural requirements because her counterclaim is compulsory. (Doc. No. 37, at 2). While it is true that Section 2675(a) provides an exemption for counterclaims, Defendant's claim is not a counterclaim within the meaning of Federal Rule of Civil Procedure 13(d). See Spawr v. United States, 796 F.2d 279, 281 (9th Cir. 1986). In defining compulsory counterclaims, Rule 13(a)(1) states that, generally, "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Rule 13(d) further provides that, although a defendant generally may assert a counterclaim against a plaintiff, the right of a party to assert a counterclaim does not trump the sovereign immunity of the United States. Thus, "[w]hen the United States institutes an action, the defendant may assert only compulsory counterclaims." Spawr, 796 F.2d at 281 (citing

Northridge Bank v. Comm'y Eye Care Ctr., 655 F.2d 832, 835-36 (7th Cir. 1981)). In fact, "[c]ounterclaims under the F.T.C.A. have been permitted only when the principal action by the United States was in tort and the counterclaim was compulsory in nature." Id.

First, the Government's action here is not based in tort, but is based in contract. Specifically, the Government's claim is based upon the terms of promissory notes that Defendant allegedly executed when she took out student loans, whereas Defendant's counterclaim purportedly sounds in tort. Therefore, Defendant's counterclaim does not fall under the exemption cited by Defendant. See id.; United States v. Andre, 2012 WL 728737, at *2 (N.D. Cal. Mar. 6, 2012).[1]

Second, Defendant's claim is not a compulsory counterclaim, as she contends. Quite simply, her claim does not arise "out of the transaction or occurrence that is the subject matter" of the Government's claim. Fed. R. Civ. Pro. 13(a)(1). In this case, the Government's claim arises from the loan transaction, discussed supra, in which, allegedly, Defendant agreed to borrow money, money was disbursed, and Defendant failed to repay her loan. On the other hand, Defendant's counterclaim is wholly unrelated to the transaction that is the subject of the Government's claim, neither to the validity of those promissory notes, nor to any of the duties or rights arising under those instruments. Instead, Defendant's counterclaim seeks contribution, indemnification, or a declaratory judgment based on facts related to a separate action to which Defendant is not even a party.[2] That case, United States ex rel. Washington v. Education

---

[1] Defendant's counterclaim is thus subject to procedural requirements, i.e., she is not excused from the necessity of exhausting her administrative remedies before filing suit. See Spawr, 796 F.2d at 281; Andre, 2012 WL 728737, at *2.

[2] The Court notes that, although Defendant makes a claim in the alternative for declaratory relief, such relief is not permitted under the FTCA. See Harrison v. Unites States, 329 Fed. Appx. 179, 181 (10th Cir. 2009); Diaz-Bernal v. Myers, 758 F. Supp. 2d 106, 116-17 (D. Conn. 2010).

Management, LLC, No. 07-461 (W.D. Pa. filed Apr. 5, 2007), involves allegations that the school which Defendant attended violated the False Claims Act by submitting false certifications of compliance as to its eligibility to receive federal student funding. The Government's claim and Defendant's counterclaim thus arise out of completely different "transactions or occurences." Accordingly, Defendant's claim is not a compulsory counterclaim, and does not fall under the exemption cited by Defendant.

Additionally, although Defendant contends, on the one hand, that she is excused from having to exhaust her administrative remedies because she has filed a compulsory counterclaim, she also asserts in her brief that her counterclaim, as drafted, technically seeks "indemnification and contribution," which courts have held generally fall within the FTCA's waiver of sovereign immunity. (Doc. No. 37, at 1). "Contribution," however, is generally understood as "[t]he right that gives one of several persons who are liable on a common debt the ability to recover ratably from each of the others when that one person discharges the debt for the benefit of all." Black's Law Dictionary 352 (Eighth ed. 2004). To "indemnify," on the other hand, means "[t]o reimburse (another) for a loss suffered because of a third party's or one's own act or default." Id. at 783-84. Since Defendant in this case is a borrower who allegedly defaulted on her loans owed to Plaintiff United States, neither "contribution" nor "indemnification" properly describes the relief Defendant is actually seeking—purportedly under the FTCA—in this count.

Nevertheless, the Court is mindful that Defendant is proceeding pro se, and, accordingly, notes that in this count Defendant is simply seeking to prevent the Government from collecting from her any amount of her loan debt that it may have already collected from another source. The Court further notes that this claim, styled as a counterclaim under the FTCA, is already stated in Defendant's Answer as an affirmative defense seeking identical relief, i.e., the offset


from the Government's award of any amount already recovered on this debt from other entities. (Doc. No. 20, at 2). Thus, although this claim cannot be properly maintained as stated under the FTCA, Defendant has included this claim as an affirmative defense in her Answer.

Therefore, since Defendant's claim does not fall under the exemption she cites, wherein the United States provided a waiver of its sovereign immunity, the Court finds that Defendant cannot pierce the sovereign immunity of the United States in order to pursue that claim under the FTCA. Accordingly, Defendant's claim under the FTCA, Count I, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

### B. Claims Under the Fair Debt Collection Practices Act

Defendant also alleges that the United States and its agencies, the U.S. Department of Education, the U.S. Department of Treasury, and the U.S. Department of Justice, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The FDCPA, which protects debtors and non-debtors from misleading and abusive debt collection practices, subjects a debt collector to civil liability for failure to comply with its provisions. See 15 U.S.C. §§ 1692(e), 1692k(a). The Government, however, asserts that Defendant's claims under the FDCPA are barred because the United States and its agencies have not waived their immunity to suit under that statute.

As discussed, supra, "[a]bsent a waiver, sovereign immunity shields the United States and its agencies . . . from suit." Williams v. U.S. Dist. Ct. for D.N.J., 455 Fed. Appx. 142, 143 (3d Cir. 2011). Moreover, "[c]onsent to suit 'must be unequivocally expressed' in statutory text, and cannot simply be implied." Id. (quoting White-Squire v. U.S. Postal Serv. 592 F.3d 453, 456 (3d Cir. 2010)). Finally, it is Defendant who bears the burden of establishing that sovereign immunity has been waived, and the determination of whether sovereign immunity has been

waived must be strictly construed in favor of the United States. See Clinton Cnty. Comm'rs v. United States Envt'l Prot. Agency, 116 F.3d 1018, 1021 (3d Cir. 1997); Koresko v. Solis, 2011 WL 5447435, at *8 (E.D. Pa. Nov. 10, 2011).

The FDCPA specifically excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). In her brief, Defendant agrees that officers and employees of federal agencies are exempt from debt collection related claims, but she argues that her suit should be allowed to proceed because she is contending that the agencies themselves are being sued as debt collectors. Defendant further explains that "[i]f Congress desired to exempt government agencies, acting as assignees and collection agencies for private parties such as banks, it would not have limited the exemption to officers and agents (human beings)." (Doc. No. 37, at 2).

First, Defendant does not appear to be familiar with the general rule that the sovereign immunity of the United States extends to its agencies. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Second, Defendant's rationale simply fails to show that sovereign immunity has been "unequivocally expressed." Rather, Defendant seems to be asking this Court to find that a waiver is somehow implied in the wording of the statute, which the Court is not permitted to do. See White-Squier, 592 F.3d at 456. Moreover, courts which have considered the issue have found that there is nothing in the FDCPA which contains any unequivocal or express waiver of sovereign immunity by the government. See Williams v. U.S. Dist. Ct. for D.N.J., 455 Fed. Appx. at 143; Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007).[3]

---

[3] Additionally, sovereign immunity aside, courts have also held that government agencies do not meet the definition of "debt collector," as defined in the FDCPA. See Frew v. Van Ru Credit Corp., 2006 WL 2261624, at *3 (E.D. Pa. Aug. 7, 2006); Burgess v. U.S. Dep't of Educ.,

Thus, Defendant has failed to show that the Government waived its sovereign immunity under the FDCPA. Accordingly, Defendant's claims against the United States and its agencies under the FDCPA, Counts II, III, and VI, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[4]

### C. Claim Under the Privacy Act

Finally, the Government argues that Defendant has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) for alleged violations, by the Department of Education, of the Privacy Act of 1974, 5 U.S.C. § 552a.

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555 (additional internal citation omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-

---

2006 WL 1047064, at *5 (D. Vt. Apr. 17, 2006); DiNello v. U.S. Dep't of Educ., 2006 WL 3783010, at *1 n.2 (N.D. Ill. Dec. 21, 2006).

[4] The Court notes that these counts could be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. However, because the Government has asked for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court is ruling in accordance with the Government's motion. (Doc. No. 34, at 7).

9

defendant-unlawfully-harmed-me accusation." Id.; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (internal citation omitted)).

In the present case, the Government argues that Count VII of Defendant's Amended Counterclaim fails to allege factual allegations sufficient to support her claim of "Privacy Act Accounting Violations" against the Department of Education. (Doc. No. 31, at 25). Specifically, Defendant bases this claim on her contention that the Department of Education failed to "keep an accounting of its disclosures" regarding her student loans, causing her harm. (Doc. No. 31, at 26). However, Defendant provides no factual allegations—i.e., she pleads no additional factual content—to show that there is any basis for this accusation.

In fact, the Privacy Act provides that, in disclosing information, an agency is required to keep an accurate accounting of "the date, nature, and purpose of each disclosure of a record to

any person or to another agency," along with "the name and address of the person or agency to whom the disclosure is made." 5 U.S.C. § 552a(c)(1). The agency is required to retain such accounting "for at least five years or the life of the record, whichever is longer, after the disclosure for which the accounting is made." 5 U.S.C. § 552a(c)(2). Moreover, the statute provides that, aside from certain designated instances, the agency is obligated to make its accounting "available to the individual named in the record at his request." 5 U.S.C. § 552a(c)(3). The Privacy Act also specifies that, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system," the agency must permit him "to review the record and have a copy made of all or any portion thereof." 5 U.S.C. § 552a(d)(1).

The Privacy Act also provides for a system of administrative review if an individual disagrees with his record or with information pertaining to him which is in the system. Accordingly, an individual may request amendment of a record pertaining to him, and the agency must either make any correction requested or inform the individual of its refusal to amend the record, the reason for such refusal, "the procedures established by the agency for the individual to request a review of that refusal by the head of the agency . . . and the name and business address of that official." 5 U.S.C. § 552a(d)(2). Moreover, under the statute, any individual who disagrees with the refusal of the agency to amend his record may request a review of such refusal, and if, after review, the reviewing official also refuses to amend the record, the individual must be permitted "to file with the agency a concise statement setting forth the reasons for his disagreement," and the agency must "notify the individual of the provisions for judicial review of the reviewing official's determination." 5 U.S.C. § 552a(d)(3). Finally, if an agency makes a determination not to amend an individual's record in accordance with his

request, or if the agency fails to make such review in conformity with the statute's provisions providing for administrative review, "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in [such] matters." 5 U.S.C. § 552a(g)(1).

As noted, supra, Defendant alleges in the case at bar that the Department of Education did not "keep an accounting of its disclosures" regarding her student loans to various entities. (Doc. No. 31, ¶¶ 180-189). To support this claim factually, however, Defendant merely states that her contentions "are based on information received from the collection agencies which, during the dispute process, advised that the claims against her were assigned via an automated mechanism without oversight." (Doc. No. 31, ¶ 193). Such allegation, however, provides no factual basis whatsoever for her claim that the Department of Education failed to keep an accounting of its disclosures, and thus violated the Privacy Act. For instance, Defendant makes no allegation that she requested access to such accounting from the Department of Education, nor does she allege that the Department of Education failed to provide her with such accounting upon her request, nor does she allege that she made any request for a correction to that accounting. Similarly, Defendant makes no mention of any agency determination not to amend her record in accordance with any request, nor that the agency failed to make some such review in conformity with the administrative review procedure. See 5 U.S.C. §§ 552a(d)(3), 552a(g)(1)(A). Rather, other than the bald accusations that the Department of Education failed to "keep an accounting of its disclosures," Plaintiff supplies no factual allegations whatsoever to justify her claim.

Accordingly, the Court finds that Defendant has failed to allege sufficient facts to support her claim that the Department of Education committed "Accounting Violations" under

the Privacy Act. Thus, Defendant's claim under the Privacy Act, Count VII, should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. <u>Conclusion</u>

For the reasons stated, the Court finds no merit to Defendant's arguments. Accordingly, Plaintiff's and Third Party Defendants' Motion to Dismiss Defendant's Amended Counterclaim is granted. Counts I, II, III and VI of Defendant's Amended Counterclaim are dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and Count VII of Defendant's Amended Counterclaim is dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>s/ Alan N. Bloch</u>
Alan N. Bloch
United States District Judge

cc: Counsel of Record

Melissa Deuerling
2802 Sebolt Road
South Park, PA 15129