UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>  v.<br><br>MELISSA A. DEUERLING<br><br>    Defendant, Counterclaimant and<br>    Third-Party Plaintiff,<br><br>  v.<br><br>G.C. SERVICES, L.P.<br>DIVERSIFIED COLLECTION SERVICES, INC.<br>ALLIED INTERSTATE INC.<br>WINDHAM PROFESSIONAL SERVICES, INC.<br>PROGRESSIVE FINANCIAL SERVICES INC.<br>CONTINENTAL SERVICE GROUP, INC. a/k/a CONSERVE<br>EDUCATION MANAGEMENT CORPORATION<br>EDUCATION MANAGEMENT LLC<br>EDUCATION MANAGEMENT HOLDINGS LLC<br>THE ART INSTITUTE OF PITTSBURGH<br>JP MORGAN CHASE, successor to INB NATIONAL BANK<br>UNITED STATES DEPARTMENT OF JUSTICE<br>UNITED STATES DEPARTEMTN OF THE TREASURY<br>UNITED STATES DEPARTMENT OF EDUCATION<br>THOMAS I. PULCO and<br>KML LAW GROUP P.C.<br><br>    Third Party Defendants. | Case No.: 14-cv-000642 |

# THIRD PARTY DEFENDANT CONTINENTAL SERVICE GROUP, INC. A/K/A CONSERVE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COUNTERCLAIM/CROSS-CLAIM AND THIRD PARTY COMPLAINT

## INTRODUCTION

Third Party Defendant Continental Service Group, Inc. a/k/a ConServe ("ConServe") was served with the Amended Third Party Complaint wherein Defendant requests a judicial declaration that "[p]ursuant to the Fair Debt Collection Practices Act, Defendant is entitled to an injunction directing Third Party Defendants to Cease and Desist from further collection activity." Doc. 31, ¶ 170.

As set forth in the detail below, the Amended Third Party Complaint should be dismissed against ConServe for three reasons. First, the Amended Third Party Complaint was not served timely pursuant to FED. R. CIV. P. 4(m) and thus must be dismissed pursuant to FED. R. CIV. P. 12(b)(5). Second, the Amended Third Party Complaint is invalid because it fails to comply FED. R. CIV. P. 14. Specifically, Defendant did not seek leave of Court to file the original Third Party Complaint. In addition, given that Defendant does not allege that ConServe "is or may be liable to [Defendant] for all or part of the claim against [her]", the Amended Third Party Complaint is improper. *See* FED. R. CIV. P. 14(a)(1). Accordingly, this Court lacks subject matter jurisdiction over the Amended Third Party Complaint. Third, the Amended Third Party Complaint fails to state a claim against ConServe and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

## FACTUAL BACKGROUND

On or about May 16, 2014, Plaintiff United States of America ("Plaintiff") commenced an action against Defendant Melissa Deuerling ("Defendant") seeking damages for an unpaid student loan. Doc. 1. On August 14, 2014, Plaintiff filed an Amended Complaint. Doc. 8. On

July 3, 2015, Defendant filed an Answer and Counterclaim. Doc. 20. On July 13, 2015, Defendant filed an Amended Answer and Counterclaim. Doc. 21. On July 20, 2015, Defendant filed a Third Party Complaint against several parties including ConServe. Doc. 24. On November 9, 2015, Defendant filed an Amended Third Party Complaint. Doc. 31. On November 9, 2017, the Clerk issued a summons for the Amended Third Party Complaint. Defendant claims ConServe was served with the Amended Third Party Complaint on December 22, 2017. Doc. 48.

## ARGUMENT

**POINT I:** **THE AMENDED THIRD PARTY COMPLAINT WAS NOT PROPERLY SERVED**

FED. R. CIV. P. 4 states in pertinent part:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court - on motion or its own notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

"The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint the court 'must dismiss the action.'" Tonkin v. Luzerne County, Pennsylvania, 2017 WL 5588933 (M.D. Pa. Oct. 25, 2017); *see also* Gore v. Millcreek Township, 2016 WL 6892927 (W.D. Pa Nov. 2, 2016) (dismissing plaintiff's complaint for failure to timely serve defendant) *adopted* 2016 WL 68779592 (W.D. Pa. Nov. 22, 2016); Conlon v. U.S. Bank, N.A., 2017 WL 1907220 (M.D. Fla. Apr. 13, 2017) (dismissing third part complaint, pursuant to Rule 4(m) failure to timely serve third-party defendants) *adopted* 2017 WL 1901586 (M.D. Fla May 8, 2017).

Here, on July 20, 2015, Defendant filed the Third Party Complaint naming ConServe as a Third Party Defendant. Doc. 24. On November 9, 2015, Defendant filed an Amended Third

Party Complaint. Doc. 31. On November 9, 2017, the Clerk issued a summons for the Amended Third Party Complaint. Defendant claims that ConServe was served with the Amended Third Party Complaint on December 22, 2017. Doc. 48. The record is devoid of any evidence that ConServe was served, or that there was an attempt on service, prior to December 22, 2017.

Given that 886 days passed between the date the Third Party Complaint was filed and the date that ConServe was served, ConServe was not served within 90 days of the filing of Third Party Complaint. Thus, the Court must dismiss the Amended Third Party Complaint pursuant to FED. R. CIV. P. 4(m) and 12(b)(5).

**POINT II:** **THE AMENDED THIRD PARTY COMPLAINT IS IMPROPER**

FED. R. CIV. P. 14 states in pertinent part:

**(a) When a Defending Party May Bring in a Third Party.**

**(1) *Timing of the Summons and Complaint*.** A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or party of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.
…

**(3) *Plaintiff's Claims Against a Third-Party Defendant*.** The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

**(4) *Motion to Strike, Server, or Try Separately*.** Any party may move to strike the third-party claim, sever it, or to try it separately.

FED. R. CIV. P. 14(a).

A. *PLAINTIFF DID NOT OBTAIN LEAVE OF COURT TO FILE THE THIRD PARTY COMPLAINT THAT WAS FILED MORE THAN 14 DAYS AFTER SHE FILED HER ANSWER*

When a party files a third party complaint more than 14 days after filing an answer and without leave of court, the third party complaint should be stricken. *See generally* <u>Lester v. SMC</u>

Transport, LLC, 2016 WL 4595696 (W.D. Va. Sept. 2, 2016) (striking the third party complaint as untimely); Colon v. Blades, 268 F.R.D. 143 (D. Puerto Rico 2010) (striking the third party complaint as untimely); Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Family Trust, 2010 WL 3033813, *1 (parties agreed to strike third party complaint because defendant had not requested leave of the Court to file a third party complaint pursuant to FED. R. CIV. P. 14(a)(1)); U.S. v. Brow, 2011 WL 2845300 (E.D.N.Y July 13, 2011) (striking the third party complaint filed contrary to the time parameters in Rule 14(a)(1)).

Here, Defendant filed her Answer and Counterclaim on July 3, 2015. Doc. 20. Defendant filed an Amended Answer and Counterclaim on July 13, 2015. Doc. 21. While FED. R. CIV. P. 14(a)(1) permitted Defendant to a Third Party Complaint on or before July 17, 2015 without leave of Court, Defendant failed to do so. Defendant did file the Third Party Complaint on July 20, 2015, but did not obtain leave of Court prior to doing so. Accordingly, the Third Party Complaint is improper and should be stricken as set forth in FED. R. CIV. P. 14(a)(4).

B.  DEFENDANT'S CLAIMS AGAINST CONSERVE IN THE AMENDED THIRD PARTY COMPLAINT DO NOT CONTEND THAT CONSERVE IS LIABLE FOR DEFENDANT'S UNDERLYING DEBT THAT IS THE SUBJECT OF PLAINTIFF'S CLAIM AGAINST DEFENDANT

"Rule 14(a) provides that a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or party of the claim against it." Olin Corporation v. Lamorak Insurance Company, 2017 WL 63983632, *2 (S.D.N.Y. Nov. 29, 2017). "Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded. A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore essential criterion of a third-party claim." American Zurich

Ins. Co. v. Cooper Tire & Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008); *see also* Stiber v. United States, 60 F.R.D. 668, 670 (E.D. Pa. 1973) ("Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim."). "The traditional grounds for a third-party action are indemnification, contribution, or subrogation." Olin Corporation v. Lamorak Insurance Company, 2017 WL 63983632 at *2.

In Sbarra v. Horizonal Exploration, LLC, 2015 WL 12778405, *1 (W.D. Pa. June 17, 2015), this Court denied defendants' motion for leave to file a third-party complaint because the "defendants [did] not allege in their Motion for Leave that the purported third-party defendant is or may liable to them for any party of the claim against them, nor does their proposed Third Party Complaint seek relief for such liability." Likewise, in U.S. v. Zarra, 2011 WL 3667313, *4 (W.D. Pa. Aug. 22, 2011), this Court dismissed the third party complaint because the "[d]efendants' claim against third party defendants is not determinative of the government's claim against them. Third party defendants do not have secondary liability on these facts and there is no express contract for indemnity." Id.

Here, Plaintiff's Amended Complaint seeks damages for Defendant's breaches of promissory notes. Doc. 8. Count Five of Defendant's Amended Third Party Complaint seeks a judicial declaration, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA") directing ConServe to cease and desist from collection activity. Doc. 31, ¶¶ 162-170. Accordingly, Defendant's Amended Third Party Complaint against ConServe does not claim or seek that ConServe is liable for the money Defendant owes to Plaintiff pursuant to the breach of the promissory notes. Given that Defendant fails to allege that ConServe is liable for all or a portion for the money Plaintiff claims Defendant owes it, FED. R. CIV. P. 14(a)(1) dictates that the Amended Third Party Complaint is improper and should be stricken and/or dismissed.

*See* FED. R. CIV. P. 14(a)(4).

**POINT III:    DEFENDANT'S AMENDED THIRD PARTY COMPLAINT FAILS TO STATE A CLAIM**

In the event the Court does not dismiss the Amended Third Party Complaint as requested above, Defendant's Amended Third Party Complaint against ConServe should also be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), because it fails to allege facts sufficient to show that her claims are plausible. Pursuant to Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

As set forth by the United States Supreme Court, the plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 *quoting* Twombly, 550 U.S. at 557. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *See* Sorensen v. Nocco, 2017 WL 370856 (11th Cir. Jan. 26, 2017); *see also* Farquharson v. Citibank, N.A., 664 F. App'x 793, 799 (11th

7

Cir. 2016) (threadbare recitals of a cause of action's elements does not suffice); Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); Twombly, 550 U.S. at 555; Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); Eddis v. Midland Funding, L.L.C., 2012 WL 664812, at *2 (D.N.J. Feb. 28, 2012) ("to give a defendant fair notice, and permit early dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the defendant's conduct giving rise to liability.").

Here, Defendant's Amended Third Party Complaint devotes only 8 of the 205 paragraphs of allegations in the Amended Third Party Complaint to a group of Third Party Defendants, which includes ConServe. Doc. 31, ¶¶ 163 - 170. The Amended Third Party Complaint makes no specific factual allegation against ConServe and merely concludes that "[p]ursuant to the Fair Debt Collection Practices Act, Defendant is entitled to an injunction directing Third Party Defendants to Cease and Desist from further collection activity." Doc. 31, ¶ 170.

Most importantly, the Amended Third Party Complaint fails to allege any factual basis that ConServe violated the FDCPA nor does it even conclude that ConServe violated the FDCPA. Specifically, there is no allegation of what ConServe did or did not do to violate the FDCPA or even a date when the conduct purportedly occurred. Accordingly, the Amended Third Party Complaint fails to state a plausible claim against ConServe and it should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's Amended Third Party Complaint against ConServe should be dismissed, with prejudice and together with any other and further relief this Court deems necessary and just.

DATED: January 8, 2018

/s Brendan H. Little
Brendan H. Little, Esq.
Lippes Mathias Wexler Friedman LLP
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2018, I electronically filed the foregoing Brief via the CM/ECF system, which should then send notification of such filing to all counsel and parties of record.

/s Brendan H. Little
Brendan H. Little