## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MELISSA A. DEUERLING, )<br>)<br>Defendant, Counterclaimant and Third Party Plaintiff, )<br>)<br>v. )<br>)<br>G.C. SERVICES, L.P., DIVERSIFIED COLLECTION )<br>SERVICES INC., ALLIED INTERSTATE INC., )<br>WINDHAM PROFESSIONALS INC., PROGRESSIVE )<br>FINANCIAL SERVICES INC., CONTINENTAL SERVICE )<br>GROUP, INC a/k/a CONSERVE, EDUCATION )<br>MANAGEMENT CORPORATION, EDUCATION )<br>MANAGEMENT LLC, EDUCATION MANAGEMENT )<br>HOLDINGS LLC, THE ART INSTITUTE OF PITTSBURGH, )<br>JPMORGAN CHASE N.A. successor to INB NATIONAL )<br>BANK, UNITED STATES DEPARTMENT OF JUSTICE, )<br>UNITED STATES DEPARTMENT OF THE TREASURY, )<br>UNITED STATES DEPARTMENT OF EDUCATION, )<br>THOMAS I. PULEO, and KML LAW GROUP P.C., )<br>)<br>Third Party Defendants. ) | Civil Action No.<br>2:14-cv-00642-ANB |

## WINDHAM PROFESSIONALS INC.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS
## DEUERLING'S AMENDED THIRD PARTY COMPLAINT

Third Party Defendant, Windham Professionals Inc. ("Windham"), by and through its undersigned counsel, submits the following Memorandum of Law in Support of its Motion to Dismiss Melissa A. Deuerling's ("Deuerling") Amended Third Party Complaint with prejudice and in support thereof states as follows:

**I.     INTRODUCTION**

Deuerling's third party complaint against Windham should be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 4(c), 4(m), 12(b)(5) and 14(a) for insufficient service of process, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**II.    PROCEDURAL HISTORY**

On May 16, 2014, Plaintiff United States of America commenced this action against Deuerling by filing a Complaint alleging that Deuerling had defaulted on certain promissory notes relating to her student loans. (Doc. 1).  On August 14, 2014, Plaintiff filed an Amended Complaint, attaching copies of the promissory notes. (Doc. 8).  On September 3, 2014, Deuerling filed a Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. 11).  The Court denied Deuerling's motion to dismiss on May 28, 2015 and instructed her to serve and file her answer to the Amended Complaint no later than June 15, 2015.  (Doc. 17).  After Deuerling filed a motion for extension of time, the Court extended Deuerling's answer deadline to July 2, 2015.  (Doc. 19).  On July 3, 2015, Deuerling filed her Answer to Plaintiff's Amended Complaint and included a Counterclaim against Plaintiff.  (Doc. 20).

On July 20, 2015, without seeking leave of court as is required by Federal Rule of Civil Procedure 14(a), Deuerling then filed a "Third Party Complaint" naming all of the parties now captioned as Third Party Defendants. (Doc. 24).  However, Deuerling made no attempt to have any summons issued for her Third Party Complaint for any third party defendant.   To date, Windham has never been served with the Third Party Complaint filed by Deuerling on July 20,

2015.

Plaintiff next filed a Motion to Dismiss Deuerling's Counterclaim on September 21, 2015. (Doc. 26). Again without leave of Court, and without consent of the Plaintiff or the consent of any Third Party Defendant, on November 9, 2015 (nearly four months after filing her original Third Party Complaint), Deuerling filed an Amended Counterclaim/Cross Claim and Amended Third Party Complaint. (Doc. 31). This third party complaint appears to be the operative complaint as it relates to third party defendant Windham.

For a period of two years, the docket indicates that Deuerling made no attempt to have any summons issued for her Amended Counterclaim/Cross Claim and Amended Third Party Complaint. As a result, Windham was never made aware of the filing of either the original Third Party Complaint (Doc. 24) or the Amended Third Party Complaint (Doc. 31) filed in July and November, 2015, respectively. Deuerling's failure to seek a summons or attempt in any fashion to make service is unexplained. Two years later, on November 9, 2017, Deuerling requested summonses be issued for the Third Party Defendants. On or about December 21, 2017, Deuerling finally attempted service on Windham via U.S. Mail with a summons and a copy of her Amended Third Party Complaint filed on November 9, 2015.

The only claim asserted against Windham in Deuerling's Amended Third Party Complaint is set forth at Count V, which seeks a declaratory judgment and injunctive relief, purportedly pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The only allegations pertaining to Windham are those set forth in paragraphs 163 through 170. *See* Doc. 31 at ¶¶ 163-170. As explained below, Deuerling's claims are time barred, and the allegations against Windham are insufficient to show that a justiciable controversy exists between the parties or that Deuerling can state a claim upon which relief can be granted. The

allegations are insufficient to establish jurisdiction in this Court. Granting Deuerling leave to amend her claims against Windham at this stage, nearly 2½ years after she first filed a Third Party Complaint but failed to seek a summons or serve it, would be both prejudicial to Windham and futile because Deuerling's claims against Windham are clearly barred by the statute of limitations.

**III. Deuerling's Attempt to Add Windham As A Third Party Defendant Without Seeking Leave of Court Violated Federal Rule of Civil Procedure 14(a) and Her Failure to Seek a Summons and Serve The Third Party Complaint For More Than Two Years Requires That The Complaint Be Dismissed With Prejudice.**

In attempting to add Windham as a third party in this action, Deuerling failed to comply with Federal Rule of Civil Procedure 14(a). Rule 14(a) requires defendants to first seek leave of court by filing a motion if the defendant is seeking to add new parties more than 14 days after serving an original answer. Seeking leave of court is not optional; it is mandatory. *See* Fed. R. Civ. P. 14(a) ("But the third-party plaintiff ***must, by motion, obtain the court's leave*** if it files the third-party complaint more than 14 days after serving its original answer.") (emphasis added). Here, Deuerling filed her original answer and counterclaim on July 3, 2015. Without seeking leave of court, on July 20, 2015 (more than 14 days after filing her answer and counterclaim), Deuerling filed a Third Party Complaint adding Windham, among others, as third party defendants. (Doc. 24). This violates Rule 14(a) and the third party complaint should be dismissed. Moreover, not only did Deuerling fail to seek leave of court before filing her third party complaint, she also never sought a summons from the clerk or attempted to serve this initial Third Party Complaint on Windham or any other third party defendant. Issuance of a summons and service of the complaint is another specific requirement of Rule 14(a), *see* Fed. R. Civ. P. 14(a). Valid service must occur within 90 days of the filing of the complaint, otherwise the complaint must be

dismissed. Federal Rule of Civil Procedure 4(m) applies to service of third party complaints filed under Federal Rule of Civil Procedure 14(a). *Roberts v. Leisure*, 2006 WL 1967335, at *3 (E.D. Pa. July 11, 2006); *U.S. Commodity Futures Trading Comm'n v. Complete Developments, LLC*, 2011 WL 4361633, at *2 (N.D. Ohio Sept. 19, 2011); Fed. R. Civ. P. 4(m) ("Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Because Deuerling made no effort to seek a summons or serve Windham, Windham could not know of the complaint and take action itself to have the complaint dismissed.

Nearly four months later, on November 9, 2015, and again without seeking the court's leave as required by Rule 14(a), Deuerling filed an Amended Counterclaim/Cross Claim and Amended Third Party Complaint. (Doc. 31). The docket sheet for this civil action makes clear that Deuerling made no effort to have summonses issued for this Amended Third Party Complaint for a period of *two years* – twice the length of the statute of limitations for claims brought under the FDCPA. It was not until November 9, 2017, exactly two years to the day from the filing of her Amended Third Party Complaint, that Deuerling first sought a summons directed to Windham. (*See* Docket entry 11/9/2017).

Pursuant to Federal Rules of Civil Procedure 4(c) and 4(m), Deuerling's service of the summons and Third Party Complaint is invalid, as Windham was served more than *two years* after the filing of Deuerling's most recent complaint. *See* Doc. 31; Fed. R. Civ. P. 4(m) (defendants must be served within 90 days after the complaint is filed). After the filing of the original third party complaint, Deuerling made no attempt to have any summons issued and made no attempt at serving any of the third party defendants. She then waited more than two

years after filing the Amended Third Party Complaint to seek a summons and then another month to attempt service on Windham. Deuerling's failure to prosecute her case with respect to the third party defendants in any meaningful way for more than two years is inexcusable. Her claims are barred by the statute of limitations. Deuerling should not be permitted to proceed on the claims set forth in her Amended Third Party Complaint against Windham where the statute of limitations of Deuerling's claims has run at least twice since its filing.

Parties seeking to avoid dismissal for failure to effectuate proper service must establish that "good cause" exists for their failure, including demonstrable diligence in attempting to complete service. *See Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 880 (3d Cir. 1987). Deuerling clearly cannot meet the burden of demonstrable diligence in attempting service as it relates to Windham, and her claims against Windham should be dismissed with prejudice. While *pro se* litigants are given some latitude, *pro se* status does not excuse a litigant's complete failure to effectuate service for more than two years. Ignorance of the Federal Rules of Civil Procedure does not constitute good cause. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"). While Federal Rule of Civil Procedure 4(m) only authorizes dismissals without prejudice, such a dismissal operates as a dismissal with prejudice because the statute of limitations has run twice since the filing of the amended complaint. *See Redding v. Essex Crane Rental Corp. of Ala.*, 752 F.2d 1077 (5th Cir. 1985). Dismissal with prejudice is therefore appropriate. *Id.. see also Leger v. Ohio Barge Lines, Inc., 38* Fed. R. Serv. 1233, 1233 (W.D. Pa. 1984) ("Obviously, the effect of a dismissal without prejudice where the statute of limitations has run is the same as dismissal with prejudice: it bars a subsequent action.").

## IV. Deuerling Has Failed To Prosecute Her Claims Against Windham and the Amended Third Party Complaint Should Be Dismissed With Prejudice Pursuant to Federal Rule of Civil Procedure 41(b).

A pro se litigant is "solely responsible for the progress of his case." *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008). Deuerling's more than two years of complete inaction with respect to seeking a summons and attempting to serve the Amended Third Party Complaint constitutes a failure to prosecute. Accordingly, dismissal with prejudice is also appropriate under Federal Rule of Civil Procedure 41(b). *See Emerson v. Thiel College*, 296 F.3d 184 (3d Cir. 2002).

In *Emerson*, a student sued Thiel College after the College suspended him from school for failure to make satisfactory academic progress. Throughout the proceedings, the student failed to respond to motions or show up at scheduling conferences. The district court dismissed his case for failure to prosecute. *Id.*, 296 F.3d at 190. The court weighed six factors in determining if the case should be dismissed with prejudice: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)); *see also Black v. Pa. Bd. of Prob. & Parole,* No. 17-2511, 2017 U.S. App. LEXIS 23980 (3d Cir. Nov. 28, 2017); *In re Asbestos Prods. Liab. Litig.* (No. VI), 718 F.3d 236, 246 (3d Cir. 2013).

First, the failure to make any effort to obtain a summons and to serve Windham for more than 2½ years after the filing of the original Third Party Complaint rests solely with Deuerling. Deuerling cannot point to a single action she took with respect to Windham to obtain a summons

or attempt to serve the complaint. Second, there is significant prejudice to Windham in having to defend an action that is clearly well beyond the one-year statute of limitations period for claims brought under the FDCPA. Deuerling's first attempted service of the Amended Third Party Complaint occurred more than *two years* after its filing. The statute of limitations has run twice since the filing of Deuerling's Amended Third Party Complaint without any service being attempted. Deuerling has never obtained a summons or attempted service of her original Third Party Complaint. Third, Deuerling can offer no "good cause" to excuse this significant delay and the lack of effort to prosecute her claims. Fourth, there are no alternative sanctions that would eliminate the prejudice from Windham having to incur costs to further defend a baseless action filed several years beyond the statute of limitations. Finally, there is no merit to Deuerling's request for declaratory or injunctive relief because there are no factual allegations to support such relief. The Amended Third Party Complaint is devoid of any allegations that Windham was or is continuing to attempt to collect any amount from Deuerling. In fact, it is not; Windham's last attempt to contact Deuerling occurred sometime in 2012 – more than five years ago.

**V.     Count V of Deuerling's Complaint Against Windham Fails to State a Claim Upon Which Relief Can Be Granted and Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

In Count V of the Amended Third Party Complaint, the only count involving Windham, Deuerling seeks a declaratory judgment and injunctive relief purportedly pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Deuerling alleges that Windham and other third party defendants "each have contacted Defendant and claimed that they owned the debt in question" and "demanded payment from the Defendant." Doc. 31 at ¶¶ 163-165. However, Deuerling fails to indicate when any of these alleged contacts occurred and she

does not contend anywhere in the Third Party Complaint that contacts from Windham were continuing or ongoing as of November 2015 when the claim was filed so as to support any claim of declaratory or injunctive relief. Even taking Deuerling's allegations as true for purposes of the instant motion to dismiss, there is no basis on which to conclude that there is a justiciable controversy requiring declaratory or injunctive relief that could be pursued under the FDCPA.

### a. Standard of Review

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, (2007) citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99 (1957). A complaint may properly be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. lqbal,* 129 S.Ct. 1937, 1949 (quoting *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.

In considering a motion to dismiss under Rule 12(b)(6), the court will "take all well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to

relief." *Colburn v. Upper Darby Township,* 838 F.2d 663, 665 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065 (1989). However, mere conclusory statement will not do; a complaint must do more than allege the plaintiff's entitlement to relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must show this entitlement by alleging sufficient facts. *Id.* While detailed factual allegations are not required, the pleading must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555, 557. Moreover, in deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc..* 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court may dismiss a complaint pursuant to Rule 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proved consistent" with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994); *Abdul-Akbar v. Watson,* 901 F.2d 329, 334-35 (3d Cir. 1990), quoting *Neitzke v. Williams,* 490 U.S. 319 (1989). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must consider only those facts alleged in the complaint and accept all of the allegations as true. *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 885, 889 (3d Cir. 1994).

    **b.    Deuerling's Complaint Fails To State A Claim**

Deuerling has failed a claim upon which relief can be granted. First, any purported claim under the FDCPA is now time barred. *See* 15 U.S.C. § 1692k(d). As noted above, Deuerling's claim against Windham for alleged violation of the FDCA, as alleged in her Amended Third

Party Complaint, is barred by the one-year statute of limitations. In the Amended Third Party Complaint, Deuerling has failed to specify any date upon which she was allegedly contacted by Windham. Since she first filed claims against Windham on July 13, 2015, any alleged violation of the FDCPA had to occur no earlier than July 13, 2014. Deuerling has provided no facts to support any claim under the FDCPA, let alone one that was timely filed.

Second, Deuerling has failed to provide any factual basis for her request for declaratory or injunctive relief. There are no facts in the complaint that can reasonably be read to assert that Windham was contacting or had continued to contact Deuerling at the time of the filing of the Amended Third Party Complaint in an attempt to collect any debt. Any suggestion now that it was is a blatant falsehood.

Third, Deuerling has not alleged that Windham made any communication that could plausibly constitute a violation of the FDCPA. *See* 15 U.S.C. §§ 1692c - 1692g. Pursuant to 15 U.S.C. § 1692k(d), "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." In her Third Party Complaint, Deuerling does not identify any specific communications sent to her by Windham that would constitute a violation, nor does the Amended Third Party Complaint allege when any alleged violation occurred. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors," and "to insure that those debt collectors who refrain from using abusive debt collection practices are competitively disadvantaged." 15 U.S.C. § 1692e. "To prevail on an FDCPA claim, a plaintiffs must prove that she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a

11

provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler,* 791 F.3d 413, 417 (3d Cir. 2015). *See also, Crimone v. McCabe, Weisberg & Conway, P.C.,* 2015 WL 3967825, at *9 (W.D. Pa. 2015).

Because any potential amendment to the complaint would be futile due to the fact that the claims are time barred, the Court should dismiss Deuerling's claims against Windham with prejudice.

**VI. Deuerling's Amended Third Party Complaint Should Be Dismissed For Lack of Jurisdiction Because It Fails To Present Any Actual Case or Controversy.**

A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a federal district court has subject-matter jurisdiction over the action before it; thus, a motion pursuant to Rule 12(b)(1) asks a court to dismiss an action over which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *see also, e.g., Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). It is "fundamental that if a court is without jurisdiction of the subject matter it is without power to adjudicate and the case [must] be properly disposed of only by dismissal of the complaint for lack of jurisdiction." *Stewart v. United States,* 199 F.2d 517, 519 (7th Cir. 1952). It is the plaintiff's burden of proof on a Rule 12(b)(1) motion to establish that subject matter jurisdiction still exists. If a court's subject-matter jurisdiction is challenged, the party seeking to invoke jurisdiction bears the burden of supporting her jurisdictional allegations by "competent proof." *Hertz Corp. v. Friend,* 559 U.S. 77, 96-97 (2010).

Here, it is clear that no case or controversy exists between these parties. The Amended Third Party Complaint contains no allegation that Windham continued to pursue recovery of any amount from Deuerling at the time the Amended Third Party Complaint was filed – and in fact it

had not.  Nothing in the Complaint supports this court's exercise of jurisdiction over the action because there is no well-pleaded case or controversy.  Consequently, this Court should dismiss Plaintiff's Complaint against Windham in its entirety for lack of subject matter jurisdiction.

## VII. <u>Conclusion</u>

For the foregoing reasons, Windham respectfully requests that the Court enter an order dismissing Deuerling's Third Party Complaint against it with prejudice.

                              Respectfully submitted,

Dated: January 11, 2018           /s/ P. Gavin Eastgate
                                         P. Gavin Eastgate
                                         Pa. I.D. No. 86061

                                         GORDON REES SCULLY MANSUKHANI LLP
                                         707 Grant Street, Suite 3800
                                         Pittsburgh, PA 15219
                                         Phone: 412-577-7400
                                         geastgate@grsm.com

                                         *Counsel for Third Party Defendant*
                                         *Windham Professionals Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 11, 2018, I caused a true and correct copy of the foregoing **Windham Professionals Inc.'s Memorandum of Law in Support of its Motion to Dismiss Melissa A. Deuerling's Amended Third Party Complaint** to be served upon counsel of record via the CM/ECF system.

    /s/ P. Gavin Eastgate