IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 14-642 |
| MELISSA A. DEUERLING, | ) |
| Defendant, Counterclaimant, and Third Party Plaintiff, | ) |
| v. | ) |
| G.C. SERVICES, L.P., et al., | ) |
| Third Party Defendants. | ) |

## **O R D E R**

AND NOW, this 25th day of January, 2018, upon consideration of the Motion of Third Party Defendants, Thomas I. Puleo and KML Law Group, P.C., to Dismiss Defendant's Amended Counterclaim/Cross Claim and Third Party Complaint (Doc. No. 39) and memorandum in support thereof (Doc. No. 40), filed in the above-captioned matter on June 16, 2017, and in further consideration of the brief in opposition thereto (Doc. No. 45), filed by Defendant and Third Party Plaintiff Melissa A. Deuerling (hereinafter "Third Party Plaintiff") in the above-captioned matter on August 7, 2017, [1]

IT IS HEREBY ORDERED that, for the reasons set forth herein, said Motion is GRANTED. IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure

---

[1] Third Party Plaintiff mistakenly refers to Third Party Defendant Thomas I. Puleo as "Thomas I. Pulco."

1

12(b)(5), that Count VIII of the Amended Counterclaim/Cross Claim and Third Party Complaint is hereby DISMISSED.

**I. Background**

The Court notes at the outset that, because Third Party Plaintiff is pro se, the Court has consistently granted her a great deal of leeway in this action wherein the United States seeks to collect on student loan debts allegedly incurred by Third Party Plaintiff and owed to the United States. The Amended Complaint, filed on August 14, 2014, contends simply that Third Party Plaintiff executed a series of promissory notes to secure student loans, and that she defaulted on her obligations and is now indebted to the United States as reinsurer of the loans in the amount of $23,417.93, plus a filing fee, interest, and costs. (Doc. No. 8). On September 3, 2014, Third Party Plaintiff filed a Motion to Dismiss the Amended Complaint (Doc. No. 11), which the Court denied. Third Party Plaintiff subsequently filed an Answer to Amended Complaint, and Counterclaim. (Doc. No. 20). In response, the Government filed a Motion to Dismiss Defendant's Counterclaims. (Doc. No. 22).

On July 20, 2015, instead of filing a brief in opposition to the Government's motion, Third Party Plaintiff filed a Third Party Complaint (Doc. No. 24) which, as the Court noted at the time, was essentially an amended pleading that elaborated on her previously filed Answer to Amended Complaint, and Counterclaim. The Court declared the Government's Motion to Dismiss moot, and ordered the Government to respond to the counterclaims contained in the Third Party Complaint. (Doc. No. 25). In response, the Government filed a new Motion to Dismiss Defendant's Counterclaim (Doc. No. 26), and the Court ordered Third Party Plaintiff to respond.

On November 9, 2015, Third Party Plaintiff responded by filing yet another pleading, entitled "Amended Counterclaim/Cross Claim and Third Party Complaint" (Doc. No. 31) (hereinafter, "Amended Third Party Complaint").  By this time, the Amended Third Party Complaint included claims against the Government under the Federal Tort Claims Act, the Fair Debt Collection Practices Act, and the Privacy Act; a claim against Thomas I. Puleo and KML Law Group, P.C. under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; as well as claims against a number of other entities.  The Court, once again, denied the Government's previously filed motion to dismiss because it addressed what was no longer the most recent pleading, and ordered the Government to file a response to the claims in the Amended Third Party Complaint.  (Doc. No. 32).

On December 10, 2015, the Government filed Plaintiff's and Third Party Defendants' Motion to Dismiss Defendant's Amended Counterclaim (Doc. No. 33).  The Court granted the motion on September 28, 2016, dismissing all of Third Party Plaintiff's claims against the Government and its agencies.

On June 16, 2017, Third Party Defendants Thomas I. Puleo and KML Law Group, P.C. ("Third Party Defendants") filed their Motion to Dismiss Defendant Melissa A. Deuerling's Amended Third Party Complaint, which is the motion that is currently before the Court.  Among the arguments that Third Party Defendants present is the contention that, because Third Party Plaintiff has failed to serve them with summonses and copies of the Amended Third Party Complaint in a timely manner in accordance with the Federal Rules of Civil Procedure, her claim against them should be dismissed.

## II. Legal Analysis: Insufficient Service of Process

The Federal Rules of Civil Procedure expressly provide that a court may dismiss a case based upon insufficient service of process. See Fed. R. Civ. P. 12(b)(5). Moreover, "[t]he party asserting the validity of service bears the burden of proof on that issue." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

Federal Rule of Civil Procedure 4(b) states that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Rule 4(c) provides further that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." When this case commenced, Rule 4(m) specified that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." [2] Rule 4(m) further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." [3]

The Court of Appeals for the Third Circuit has relied upon a two-step process in determining whether to extend the time for service set forth in Rule 4(m). See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). A district court must first analyze whether good cause exists for the party's failure to comply with the time limit. See id. Good

---

[2] The Court notes that, although the 2015 amendments to the Federal Rules of Civil Procedure shortened the time for service from 120 days to 90 days, this change has no effect on the analysis in this case.

[3] Rule 4(m) applies to service of third party complaints brought under Rule 14(a). See Roberts v. Leasure, No. 05-3495, 2006 WL 1967335, at *3 (E.D. Pa. July 11, 2006).

4

cause is primarily determined based on a party's asserted reasons for the delay. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). In determining whether good cause exists, courts have considered factors such as "'(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time.'" Holmes v. St. Vincent Health Center, No. 06-199E, 2007 WL 2541790, at *2 (W.D. Pa. Aug. 31, 2007) (quoting Steele v. HCI Direct, No. 02-4347, 2004 WL 1699611, at *1 (E.D. Pa. July 29, 2004)).

If the court finds that good cause exists for the failure to serve, then an extension of time must be granted. See McCurdy v. American Bd. of Plastic Surgery 157 F.3d 191, 196 (3d Cir. 1998). In the absence of good cause, however, the court must decide whether to grant a discretionary extension of time. See MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995); Petrucelli, 46 F.3d at 1305. "In deciding whether to exercise discretion to extend time for service in the absence of a finding of good cause, the Advisory Committee Note to the 1993 amendment states that '[r]elief may be justified for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service . . . . The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petititon.'" Banks v. United States Marshals Service, No. 15-127, 2016 WL 241675, at *3 (W.D. Pa. Jan. 5, 2016). Courts, when deciding whether to grant a discretionary extension, may consider factors including actual notice of the action, prejudice to the defendant, statute of limitations, conduct of the defendant, whether the plaintiff is represented by counsel, and any other relevant factor. See Carinci v. 7-Eleven, Inc., No. 15-1294, 2016 WL 1319724, at *2 (W.D. Pa. Apr. 5, 2016). Finally, "a district court has wide discretion in deciding whether to

extend time for service under Rule 4(m)." Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 528 (M.D. Pa. 2010).

In the present case, Third Party Plaintiff undoubtedly failed to effectuate service within the prescribed 120-day period. In fact, at the time Third Party Defendants filed their Motion to Dismiss, Third Party Plaintiff had yet to present a single summons to the Clerk of Court to be signed, sealed and issued after filing any of her various pleadings. More specifically, Third Party Plaintiff filed her Amended Third Party Complaint on November 9, 2015, but when Third Party Defendants filed their Motion to Dismiss on June 16, 2017, the docket does not indicate that any summons had been submitted to the Clerk of Court, although well over a year had passed since the 120-day service period had expired. Thus, the Court must consider whether good cause exists here for such an extensive delay.

With regard to the reasonableness of her efforts to serve, Third Party Plaintiff essentially admits that she never served Third Party Defendants in this case, but she first argues that she was not required to do so because Third Party Defendants, in actuality, "waived" service by entering a general appearance and asserting affirmative defenses, and by entering the Court's ECF electronic service agreement. The Court notes at the outset that the procedure and requirements for waiver of service under the Federal Rules of Civil Procedure are set forth in detail in Rule 4(d), and the actions of Third Party Defendants, as cited by Third Party Plaintiff, do not constitute such a waiver as parties to this case.

While Federal Rule of Civil Procedure 4(d) provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons," the Rule sets forth a specific procedure for obtaining a waiver of service from an entity. Rule 4 clearly provides that a "plaintiff may notify such a

defendant that an action has been commenced and request that the defendant waive service of a summons." The Rule also specifies that such notice and request must be in writing, must provide certain specific information, must be accompanied by a waiver form and copies of the complaint, and must fulfill various other requirements. Third Party Plaintiff has not contended that she took any of these steps in order to obtain a waiver of service from Third Party Defendants.

With regard to service of process under Pennsylvania law, applicable in this case pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(a), in addition to the methods of service provided by Pennsylvania Rule of Civil Procedure 402(b), Pennsylvania courts have also recognized that "'service of process may be obtained through waiver or consent.'" Cmiech v. Electrolux Home Products, Inc., 520 F. Supp. 2d 671, 675 (M.D. Pa. 2007) (quoting Fleehr v. Mummert, 857 A.2d 683, 685 (Pa. Super. Ct. 2004)). Thus, "[o]ne can become party to a suit, waiving service of process, by voluntary appearance." Id. Courts have found that "'[a] defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service.'" Id. (quoting Fleehr, 857 A.2d at 685 (internal quotation omitted)). An example of a case where a defendant submitted to the jurisdiction of the court, thus waiving any objection to the failure to comply with service of process, includes "where a defendant filed and served interrogatories on the plaintiff, answered a complaint by another party in the case, and filed a complaint to join another party as an additional defendant, before filing preliminary objections to the service of process." Id. Also, where a "defense attorney went before the court and agreed to consolidate a related arbitration action with the plaintiff's case, the court held that '[c]ounsel's actions were taken on Appellant's behalf and must be seen as recognition of acceptance of the . . . complaint, for absent such there

7

was nothing to consolidate.'" Id. (quoting Fleehr, 857 A.2d at 685). Thus, in determining whether waiver of service of process has occurred, courts have considered the nature of the defendant's interactions with the court and whether the defendant's communications reach the merits of the case. See DiLoreto v. Costigan, Nos. 08-989, 08-990, 2008 WL 4072813, at *6 (E.D. Pa. Aug. 29, 2008).

In this case, the actions of Third Party Defendants that are cited by Third Party Plaintiff do not rise to the level necessary to constitute waiver of service of process. The Court notes that Third Party Defendants entered their appearance in this case as attorneys for the Government— not as parties to the case—in compliance with Local Civil Rule 83.2(C).[4] The Court also notes that Third Party Defendants entered into the ECF electronic service agreement in compliance with the Court's Standing Order on Electronic Case Filing Policies and Procedures, as required by attorneys who represent parties in cases before the Court. Local Civil Rule 5.6 states, "Documents may be served through the Court's transmission facilities by electronic means to the extent and in the manner authorized by the Standing Order regarding Electronic Case Filing Policies and Procedures and the ECF User Manual." The Court's Standing Order provides further that "Fed. R. Civ. P. 5(b) and Fed. R. Crim. P. 49(b) do not permit electronic service of process for purposes of obtaining personal jurisdiction, i.e., Rule 4 service. *Therefore, service of process must be effected in the traditional manner*." In re: Electronic Case Filing Policies and Procedures, Misc. No. 05-186, at 7 (W.D. Pa. Apr. 20, 2005) (emphasis added). Moreover, the communications by Third Party Defendants in this case do not touch on the merits of Third Party Plaintiff's claim in any way, nor do they involve interaction with the Court regarding Third Party

---

[4] Third Party Plaintiff also intimates that she did not need to serve Third Party Defendants because they were already parties to the action. When Third Party Plaintiff filed her Amended Third Party Complaint, however, Third Party Defendants were serving as counsel for the Government, but were not parties to the case.

8

Plaintiff's claim against them. Accordingly, the Court does not agree with Third Party Plaintiff's contention that she was not obligated to serve Third Party Defendants with summonses and copies of the Amended Third Party Complaint because they had "waived" their right to service of process.

As an alternative justification for her failure to serve Third Party Defendants, Third Party Plaintiff states that it "was the result of the summonses being mailed to the Clerk but not being received" because she sent them to the Clerk of Court's former address, rather than to the current address. (Doc. No. 45, at 2). The Court finds this argument to be disingenuous. First, the Clerk of Court's prior mailing address was changed to the current address over five years ago.[5] Moreover, even if Third Party Plaintiff did indeed send summonses to the Clerk of Court at the wrong address, and the Clerk of Court never received them, such error does not relieve Third Party Plaintiff of the critical obligation to serve Third Party Defendants with summonses and copies of her pleading. Amazingly, Third Party Plaintiff offers no explanation whatsoever as to why she did not follow up in some manner with the Clerk of Court regarding the status of the summonses and why, after taking the step of sending summonses to the Clerk of Court, she made no further efforts to effect service.

Although they were never served with summonses and copies of the Amended Third Party Complaint, it is reasonable to assume that Third Party Defendants knew of the existence of the claim against them contained therein because they represent the Government in this case. The Court will therefore not assume that Third Party Defendants are prejudiced by not having had notice of the claim for this lengthy period of time since the pleading was filed. However, the Court is struck by Third Party Plaintiff's utter lack of effort in prosecuting her claim, and by the fact that she never even sought from the Court an enlargement of time in which to effect service

---

[5] The Clerk of Court last used the previous address on or about June 30, 2012.

9

once she encountered difficulty with the summonses. Moreover, in her response to the Motion to Dismiss, Third Party Plaintiff stated that she would "promptly remail her summonses in" since she had been made aware of the Clerk of Court's correct address. (Doc. No. 45, at 2). Nevertheless, according to the docket sheet, Third Party Plaintiff failed to submit valid summonses to the Clerk of Court *until approximately three months later* (and almost five months after Third Party Defendants filed their Motion to Dismiss). As of the date of this Order, Third Party Plaintiff has still not filed proof of service upon Third Party Defendants Thomas I. Puleo and KML Law Group, P.C., so the Court has yet to see any evidence to show that they have ever been served in this case.

Because the Amended Third Party Complaint was filed on November 9, 2015, the 120 days provided by Rule 4(m) expired on or about March 9, 2016. During the two years that have passed since she filed her Amended Third Party Complaint, Third Party Plaintiff appears to have expended little to no effort in terms of effectuating service and, even after the Motion to Dismiss clearly put her on notice that her claim was at risk of being dismissed—and despite her assurance that she would promptly obtain the necessary summonses—she still failed to take that initial step of obtaining summonses for an additional three months. Thus, the Court concludes that Third Party Plaintiff has failed to show good cause for her failure to serve Third Party Defendants in this case. See, e.g., Sykes v. Blockbuster Video, 205 Fed. Appx. 961, 963 (3d Cir. 2006) (noting that neither inadvertence of counsel nor a pro se litigant's unfamiliarity with procedural rules constituted good cause for failure to comply with the time limit for service of process).

Next, since no good cause has been shown for the delay in service of process, the Court must determine whether to grant Third Party Plaintiff a discretionary extension of time in which to serve. Weighing in Third Party Plaintiff's favor is the fact that she is pro se and should

therefore be granted a certain amount of leniency in procedural matters.  See Law v. Schonbraun McCann Group, LLC, No. 08-2982, 2009 WL 3380321, at *3 (D.N.J. Oct. 19, 2009).  However, the Court has already been extraordinarily lenient with Third Party Plaintiff in this case.  While, as noted, supra, it is apparent that Third Party Defendants had actual notice of the legal action which minimizes the chance of prejudice due to delay, such factor must still be weighed against other considerations, including the fact that Third Party Defendants did not engage in any nefarious behavior such as attempts to evade service or attempts to conceal any defect in attempted service, nor was the delay attributable to confusion or delay regarding an *in forma pauperis* petition.  Moreover, the Court must seriously consider the overarching fact that the delay at issue here is not minor or insignificant, but is actually quite startling since Third Party Plaintiff has failed to effect service *for over two years*.  See, e.g., id. (declining to extend a discretionary extension where a valid summons was over 30 days late).

The Court notes the concern that even a dismissal without prejudice could potentially bar Third Party Plaintiff's claim because of statute of limitations issues under the FDCPA.  However, although the running of the statute of limitations may constitute a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m), it "does not require the district court to extend time for service of process."  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995).  In fact, a district court may "still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred."  Id.  The Court emphasizes once again that, in this case, Third Party Plaintiff had ample time in which to serve Third Party Defendants, never asked the Court for an extension of time, and—even after the Motion to Dismiss was filed—declined to proceed promptly with effecting service despite stating that she would do so.

In any event, although the Amended Third Party Complaint noticeably fails to provide a date when the conduct of Third Party Defendants that allegedly violated the FDCPA occurred, the statute of limitations likely ran before Third Party Plaintiff actually added that claim. The FDCPA explicitly provides that actions to enforce liability under the act must be brought "within one year from the date on which the violation occurs." 15 U.S.C.A. § 1692k(d). The FDCPA claim against Third Party Defendants, however, was not raised in this case until more than one year after the government filed its Complaint to recover Third Party Plaintiff's student loan debt. Specifically, the government's Complaint was filed on May 16, 2014, and Third Party Defendants' allegedly faulty "mailing" or "communication" regarding collection of that debt—which is only vaguely referred to in the Amended Third Party Complaint—logically must have been sent at some point prior to that date. (Doc. No. 24, at 24; Doc. No. 31, at 28). Nevertheless, Third Party Plaintiff did not assert her FDCPA claim against Third Party Defendants Thomas I. Puleo and KML Law Group, P.C. until she filed her Third Party Complaint on July 20, 2015. [6] (Doc. No. 24, at 24). Therefore, since over a year appears to have passed between the sending of the communication at issue and the filing of this FDCPA claim, the statute of limitations likely ran before the claim was ever asserted, in which case preserving the claim is not a seemingly relevant consideration at this point. Therefore, although the Court need not rule on this issue in considering the Motion to Dismiss, the statute of limitations argument clearly does not weigh in Plaintiff's favor in determining whether to grant a discretionary extension. See Schonbraun, 2009 WL 3380321, at *3.

Finally, as alluded to, supra, an additional factor to consider in this particular case is that, even if the Court were to grant a discretionary extension, the Amended Third Party Complaint

---

[6] Third Party Plaintiff's Third Party Complaint was supplanted several months later by her Amended Third Party Complaint.

does not appear to state a claim against Third Party Defendants upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). While the Court need not decide whether to dismiss the claim on this basis, under Rule 12(b)(6) generally, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Phillips, 515 F.3d at 231 (quoting Twombly, 550 U.S. at 555 (additional internal citation omitted)). While "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (internal citation omitted)).

In the present case, even if a discretionary extension to allow additional time for service were to be granted, the Court notes that the Amended Third Party Complaint appears not to allege factual allegations sufficient to support the claim that Third Party Defendants violated the FDCPA. (Doc. No. 31, at 28). Third Party Plaintiff states in her pleading that the communication sent to her by Third Party Defendants did not include certain information

required by the FDCPA, but she appears not to provide sufficient factual allegations—i.e., she does not appear to plead specific factual content—to show the basis for this accusation.

The FDCPA provides that a debt collector's communication must include, among other things:

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt . . . and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g(a).

As noted, supra, Third Party Plaintiff alleges that Third Party Defendants violated the FDCPA, but the only support that she provides for her claim is essentially a recitation of the statute itself. (Doc. No. 31, at 28). Third Party Plaintiff vaguely contends that Third Party Defendants sent a "mailing" or "communication" to her relating to a debt, and that such communication did not indicate that Third Party Defendants were acting as a debt collector or that Third Party Plaintiff maintained a right to dispute the debt, to request the name and address of the original creditor, or to obtain verification of the debt. (Doc. No. 31, at 28). Third Party Plaintiff fails to otherwise provide, however, any description of the "communication" or "mailing" referenced in her pleading. Most significantly, she does not provide a date when the allegedly insufficient communication was sent. Such conclusory statements, without any additional information, provide no factual basis for her claim that Third Party Defendants in fact violated the FDCPA. Thus, Third Party Plaintiff's claim appears merely to set forth legal conclusions as factual allegations. See Iqbal, 556 U.S. at 678. Accordingly, the Court notes that

Third Party Plaintiff's appearing to fail to supply the most basic factual allegations in support of her claim also does not weigh in her favor when considering whether to grant a discretionary extension.

Thus, after careful consideration of the various factors at issue here, the Court does not believe that a discretionary extension of the Rule 4(m) time period for service of summonses and copies of the Amended Third Party Complaint is warranted in this case.

### III. Conclusion

Accordingly, Third Party Defendants' Motion to Dismiss Defendant's Amended Third Party Complaint against them is granted. Count VIII of Defendant's Amended Third Party Complaint is thus dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

s/ Alan N. Bloch<br>
Alan N. Bloch<br>
United States District Judge

cc:    Counsel of Record

       Melissa Deuerling
       2802 Sebolt Road
       South Park, PA 15129