IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:14-cv-00642-ANB |
| Plaintiff, | HONORABLE ALAN N. BLOCH |
| v. | |
| MELISSA A. DEUERLING | |
| Defendant, Counterclaimant, and Third Party Plaintiff, | |
| v. | |
| THOMAS I. PULCO, EDUCATION MANAGEMENT HOLDINGS LLC, GC SERVICES, L.P., DIVERSIFIED COLLECTION SERVICES, INC., ALLIED INTERSTATE, INC., WINDHAM PROFESSIONALS, INC., KML LAW GROUP P.C., PROGRESSIVE FINANCIAL SERVICES, INC, CONTINENTAL SERVICE GROUP INC., EDUCATION MANAGEMENT CORPORATION, EDUCATION MANAGEMENT LLC, JP MORGAN CHASE BANK, N.A., UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES DEPARTMENT OF EDUCATION, and THE ART INSTITUTE OF PITTSBURGH | |
| Third Party Defendants. | |

## THIRD PARTY DEFENDANT PROGRESSIVE FINANCIAL SERVICES INC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

COMES NOW Third Party Defendant Progressive Financial Services Inc. ("Progressive"), and files this Brief in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

# I. Introduction

On May 16, 2014, the United States, on behalf of its agency, the Department of Education, by its specially appointed counsel, Thomas I. Puleo of KML Law Group, sued Melissa A. Deuerling ("Deuerling") over a promissory note used to obtain student loans. Doc. 8. More than a year after this, Deuerling filed her Third Party Complaint and, months later, filed her Amended Counterclaim/Cross Claim and Third Party Complaint (the "Third Party Complaint"). Doc. 31. Two years later, on November 9, 2017, Deuerling finally served Progressive with the Third Party Complaint.

Progressive respectfully requests that this Court dismiss with prejudice all claims against Progressive. First, the Third Party Complaint was served untimely and should be dismissed pursuant to Federal Rule of Civil Procedure 4. Second, the Third Party Complaint was filed without leave of Court. Third, the Third Party Complaint fails to plead a claim for which relief can be granted. Finally, any claims Plaintiff may have against Progressive are barred by the statute of limitations. For these reasons, this Court should dismiss all claims against Progressive.[1]

# II. Arguments and Authorities

### A. Standard of Law

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. In assessing the merits of a claim subject to a motion to dismiss, a

---

[1] Two other parties, Continental Service Group, Inc. a/k/a Conserve and Windham Professionals Inc. have filed motions to dismiss. Doc. 50; Doc. 54 respectfully. Deuerling has lumped Progressive in with Continental Service Group and Windham Professionals and alleged the same facts and claims against all three parties. Thus, if the Court finds grounds to dismiss the claims in their respective motions to dismiss, the same legal reasoning should apply to Progressive as well.

court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)). The scope of review may extend to "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Sorensen v. Nocco*, 2017 WL 370856 (11th Cir. Jan. 26, 2017)

### B. The Third Party Complaint was untimely served

Federal Rule of Civil Procedure 4 states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). When this case was originally commenced, the time for service was 120 days. *See* Doc. 60 at 4, n. 2. Under either time frame, service of the Third Party Complaint was untimely. Deuerling waited more than a year past the expiration of

3

the service date to serve the Third Party Complaint on Progressive. This Court has already stated that it "is struck by [Deuerling's] utter lack of effort in prosecuting her claim . . ." Doc. 60 at 9. Further, the Court has already stated that there is no good cause for the failure to timely serve the Third Party Complaint. *Id.* at 10. This Court should dismiss with prejudice all claims against Progressive for Deuerling's failure to timely serve the complaint and the inexcusable delay in waiting two years to effectuate service.

### C. The Third Party Complaint should be stricken

When a party files a third party complaint more than 14 days after filing an answer and without leave of court, the third party complaint should be stricken. *See generally Lester v. SMC Transport, LLC*, 2016 WL 4595696 (W.D. Va. Sept. 2, 2016) (striking the third party complaint as untimely); *Colon v. Blades*, 268 F.R.D. 143 (D. Puerto Rico 2010) (striking the third party complaint as untimely); *Pinnacle Fitness & Recreation Mgmt., LLC v. Jerry & Vickie Moyes Family Trust*, 2010 WL 3033813, *1 (parties agreed to strike third party complaint because defendant had not requested leave of the Court to file a third party complaint pursuant to Fed. R. Civ. P. 14(a)(1)); *U.S. v. Brow*, 2011 WL 2845300 (E.D.N.Y July 13, 2011) (striking the third party complaint filed contrary to the time parameters in Rule 14(a)(1)).

Deuerling filed her Third Party Complaint outside of the fourteen day window and without leave from the Court. Thus, the complaint is improper and should be stricken.

### D. Deuerling has failed to state a claim for which relief could be granted

Deuerling's Third Party Complaint does not state a claim against Progressive for which relief could be granted. The Third Party Complaint only generally alleges that a group of third party defendants violated some provision of the FDCPA. However, it does not state how Progressive violated the FDCPA, or when Progressive allegedly committed these violations. The

Court has already noted that there are numerous problems with Deuerling's Third Party Complaint as directed towards other parties, and such problems are present in Deuerling's claims against Progressive as well. *See* Doc. 60 at 14-15.

Progressive is only mentioned in Deuerling's Count III and Count V. Doc. 31 at 21-22, 24-25. Under Count III, Deuerling claims that Progressive acted a debt collector for the United States Government. However, she only states that "[t]he actions of the United States willfully or negligently violated the Fair Debt Collection Practices Act." *Id.* at 22, ¶ 148. She does not actually allege that Progressive violated the FDCPA in Count III.

In Count V, Deuerling has stated that she is "is entitled to a declaration that she is not liable to the Third Party Defendants" and "is entitled to an injunction preventing Third Party Defendants from contacting her or demanding payment for the debt." *Id* at 24, ¶¶ 168-69. The FDCPA does not permit a litigant asserting a private cause of action to obtain injunctive, declaratory or other equitable relief. *Weiss v. Regal Collections*, 385 F.3d 337, 341–42 (3d Cir.2004); *see also Waitkus v. Pressler & Pressler, L.L.P.*, No. CIV.A. 11-6531 SRC, 2012 WL 686025, at *4 (D.N.J. Mar. 2, 2012) ("Accordingly, the Court will grant Defendants' motion insofar as it seeks to dismiss her request that the Court enjoin Defendants from engaging in unlawful collection practices and to dismiss her catch-all plea for any equitable relief the Court may find proper.")

The Third Party Complaint makes no specific allegations against Progressive, does not provide a time or a time frame for any actions, does not state what provision of the FDCPA was allegedly violated, and seeks impermissible relief. Deuerling's claims against Progressive should be dismissed with prejudice.

**E. Any claims against Progressive are barred by the statute of limitations**

The FDCPA has a one year statute of limitations. 15 U.S.C. § 1692k(d). Deuerling has not provided a date for any alleged FDCPA, but it stands to reason that any such conduct occurred before this lawsuit was originally filed. The lawsuit was originally filed on May 16, 2014, and, as the Court has noted, any violations must have occurred before that date. *See* Doc. 60 at 12. Deuerling then waited more than a year to file her original Third Party Complaint on July 20, 2015. *Id.* Thus, the one year statute of limitations on Deuerling's claims expired before Deuerling filed any third party complaints. *Id.* Because any claims Deuerling brought in her third party complaint or any other claims she could bring would be barred by the statute of limitations, this Court should dismiss all claims against Progressive with prejudice.

### III. Conclusion

This Court should dismiss all claims against Progressive with prejudice. Deuerling's Third Party Complaint was untimely and filed without leave of Court. The Third Party Complaint does not state a claim for which relief can be granted, does not allege what provision of the FDCPA Progressive allegedly violated, does not allege when or how the FDCPA was violated, and asks for relief against Progressive that is not possible under the FDCPA. For these reasons, this Court should dismiss all claims against Progressive with prejudice.

**[This space left intentionally blank.]**

WHEREFORE, Third Party Defendant Progressive Financial Services Inc. respectfully requests that this Court grant its Motion to Dismiss, dismiss all claims against Defendant with prejudice, and for all other relief necessary and appropriate.

Respectfully Submitted,

Date: February 2, 2018

METZ LEWIS BRODMAN MUST O'KEEFE LLC

By: */s/ Justin M. Tuskan*
    Justin M. Tuskan (PA 311235)
    535 Smithfield Street, 8th Floor
    Pittsburgh, PA 15222
    Phone: (412) 918-1100
    Fax: (412) 918-1199
    jtuskan@metzlewis.com
    *Attorneys for Third-Party Defendant*
    *Progressive Financial Services, Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Motion to Dismiss was served upon all parties and counsel of record this 2nd day of February, 2018, via the Court's Electronic Filing System:

        METZ LEWIS BRODMAN MUST O'KEEFE LLC

        */s/ Justin M. Tuskan*
        Justin M. Tuskan