IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MELISSA A. DEUERLING, | : | NO. 2:14-cv-00642-ANB |
| Defendant, Counterclaimant | : | |
| and Third Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| G.C. SERVICES, L.P., et al., | : | |
| Third Party Defendants | : | JURY TRIAL DEMANDED |

**THIRD PARTY DEFENDANT PERFORMANT RECOVERY, INC.'S\\[1]
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THIRD PARTY PLAINTIFF'S AMENDED THIRD PARTY
COMPLAINT**

**LEGAL ARGUMENT**

**I.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint

"for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order

to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the

speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R.

Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and

view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d

224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the

form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower

Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to

---

[1] /     Performant Recovery, Inc. is the successor-in-interest to Diversified Collection Services, Inc.

show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).

A court must dismiss a claim under Rule 12(b)(6) "if the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Johnsrud v. Carter*, 620 F.2d 29,

33 (3d Cir 1980). The Court may not assume that the plaintiffs can prove facts that they have not

alleged. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)

(quoting *Associated Gen. Contractors v. California State Council of Carpenters*, 459 U.S. 519,

526 (1983)). When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the

allegations in the complaint, exhibits attached to the complaint, matters of public record, and

documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir.

2004).\[2]

Federal Rule of Civil Procedure 8 sets forth the general pleading requirements for claims

brought in federal courts. The first step in testing the sufficiency of the complaint is to identify

any conclusory allegations. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,*

550 U.S. at 555). That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must accept well-

pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

---

[2]      Third Party Defendant submits a Declaration regarding the Third Party Plaintiff's Account in support of its
Motion to Dismiss. (*See* Declaration of Celeste Vargas, attached as Exhibit 1). This Court may convert Third Party
Defendant's Motion to Dismiss into a Motion for Summary Judgment. *See* Fed. R. Civ. P. 12(d).

The second step requires the court to review the remaining factual averments to ensure the plaintiff has set forth a factual basis that provides more than the mere possibility that the alleged misconduct occurred:

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'

*Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted).

## II.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FDCPA

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") is intended to eliminate abusive practices by debt collectors, and insure that those debt collectors that follow the law are not competitively disadvantaged. 15 U.S.C. § 1692g. The Act provides specific rules as to what actions debt collectors may and may not use in collecting on an obligation. Actions specifically not prohibited by the Act are naturally permissible and do not constitute violations. Third Party Plaintiff has ambiguously alleged violations of the Act, none of which can withstand the scrutiny of a motion to dismiss as to Third Party Defendant Performant Recovery, Inc. Many of Third Party Plaintiff's allegations are factually deficient. Thus, Third Party Plaintiff's Amended Third Party Complaint (Doc. 31) should be dismissed for failure to state a claim upon which relief can be granted.

### A.    Count III – 15 U.S.C. § 1692, et seq.

Paragraphs 139 through 149 of the Amended Third Party Complaint alleges that Third Party Plaintiff notified debt collectors, including Third Party Defendant Performant Recovery, Inc., repeatedly that the debt was in dispute and requested the name and address of the original

creditor pursuant to 15 U.S.C. § 1692g.  (*See* Doc. 31 Amended Third Party Complaint at 142-144).  The Amended Third Party Complaint further alleges that Third Party Defendant Performant Recovery, Inc. did not provide the name and address of the original creditor to Third Party Plaintiff nor did it provide any form of verification of the debt.  (*See* Doc. 31 Amended Third Party Complaint at 146).  It also alleged that, despite being requested to cease and desist purportedly under 15 U.S.C. § 1692c(c), collection efforts continued.  (*See* Doc. 31 Amended Third Party Complaint at 147).

Third Party Plaintiff cannot request that a debt collector partially cease and desist communication.  *See Bakewell v. Fed. Fin. Group, Inc.*, 2007 U.S. Dist. LEXIS 22478, *12 (N.D. Ga. 2007) ("Plaintiff has not provided and the court is not aware of any case law which allows a debtor through section 1692c(c) to limit the type of communications made by a debt collector").  While the Act allows consumers to request a debt collector cease <u>all</u> further communication with the consumer, it does not grant consumers the right to select what types of communication they will and will not accept from the debt collector.  *See* 15 U.S.C. § 1692c(c) (allowing consumers to require "the debt collector to cease further communication with the consumer"); *see also Bakewell*, 2007 U.S. Dist. LEXIS 22478 at *12.  Any claims by Third Party Plaintiff stemming from an alleged failure to abide by Third Party Plaintiff's flawed cease communication request are invalid, as Third Party Plaintiff did not effectively request Performant cease communication with her.

Even if Third Party Plaintiff's cease communication notice was valid, which it was not, Third Party Plaintiff's claims fail to meet the *Iqbal/Twombly* pleading standards.  Third Party Plaintiff has failed to allege the date of the dispute, request for validation and request to cease communication, the specific party these communications were sent to, the content of these

communications, or any other information that would allow the court to determine whether Third Party Plaintiff effectively requested Performant perform these tasks.

Therefore, Plaintiff fails to state a claim upon which relief can be granted under section 1692g and 1692c(c) of the FDCPA, and all such claims against Performant should be dismissed.

### B.  Count V – Declaratory and Injunctive Relief

Count V seeks a Declaratory Judgment and injunctive Relief against Third Party Defendant Performant Recovery, Inc. for alleged violations of the FDCPA.  Third Circuit precedent is clear that injunctive or declaratory relief is not available to private plaintiffs pursuing claims under the FDCPA.  *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA"); *see also Beck v. Maximus*, 457 F.3d 291, 301 (3d Cir. 2006) (*citing Weiss*); *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 U.S. Dist. LEXIS 56725, 2008 WL 2885887, at *9 (D.N.J. Jul 23, 2008) (dismissing class claim because injunctive and declaratory relief is not available under the FDCPA).

Therefore, Third Party Plaintiff fails to state a claim upon which relief can be granted, and Count V of the Amended Third Party Complaint should be dismissed.

## III.  THIRD PARTY PLAINTIFF'S CLAIMS ARE TIME-BARRED

There is a one-year statute of limitations under the FDCPA pursuant to 15 U.S.C. §1692k(d).  The FDCPA's statute of limitations is not subject to waiver or tolling.  See *Hutt v. Albert Einstein Med. Ctr.*, 2005 U.S. Dist. LEXIS 21548 (E.D. Pa. Sept. 28, 2005) (citations omitted).  Third Party Plaintiff's Amended Third Party Complaint alleges ambiguous violations of multiple sections of the FDCPA against Defendant Performant Recovery, Inc.  However, Third Party Plaintiff fails to set forth that Defendant Performant Recovery, Inc. was assigned the

account by the creditor for collection on October 19, 2008 and it was recalled by the creditor on

June 12, 2009. (*See* Declaration of Celeste Vargas, attached as Exhibit 1). The Amended Third

Party Complaint in this case was filed November 9, 2015,\3 almost six and one-half years since

the last activity by Defendant Performant Recovery, Inc. on the account.

The time to file a cause of action under the FDCPA was long over when the Amended

Third Party Complaint was filed. Accordingly, the Amended Third Party Complaint must be

dismissed with prejudice.\4

---

3 /     The Summons in this case issued to Performant Recovery, Inc. on November 9, 2017, two years after the filing of the Amended Third Party Complaint in violation of Fed.R.Civ.P. 4(m).

4/      The Court has the authority to permit Third Party Plaintiff to file a Second Amended Third Party Complaint. Third Party Defendant Performant Recovery, Inc. contends that the Court should not permit Third Party Plaintiff to file such a Second Amended Third Party Complaint. The grant or denial of a motion to amend is within the discretion of the Court. *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321 (1971). Discretionary leave to amend may be denied for four reasons, including: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981). In the absence of substantial or undue prejudice, however, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Id*. (citing *Foman*, 371 U.S. at 182). Courts in the Third Circuit have recognized that the futility of an amendment is readily evinced by the insufficiency of a proposed complaint. "Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend. Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re Merck & Co.*, 493 F.3d 393, 400 (3d Cir. 2007). The standard for assessing futility is the "same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A Second Amended Third Party Complaint would be futile given that Third Party Plaintiff's claims are outside of the statute of limitations.

**CONCLUSION**

Based on the foregoing, Third Party Defendant Performant Recovery, Inc., respectfully

requests this Court dismiss Counts III and V of Third Party Plaintiff's Amended Third Party

Complaint as against Third Party Defendant Performant Recovery, Inc. with prejudice under

Federal Rule of Civil Procedure 12 for failure to state a claim upon which relief can be granted.

Respectfully submitted,

FINEMAN KREKSTEIN & HARRIS, P.C.

By:      /S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
PA Attorney I.D. No. 72883
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com
Attorneys for Performant Recovery, Inc.

Dated:      March 27, 2018

**CERTIFICATE OF SERVICE**

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or facsimile on all counsel of record and plaintiff.

/S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated: _____ March 27, 2018 _____