IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 14-642 |
| | ) | |
| MELISSA A. DEUERLING, | ) | |
| | ) | |
| Defendant, Counterclaimant, | ) | |
| and Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDUCATION MANAGEMENT | ) | |
| HOLDINGS LLC, et al., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**O R D E R**

AND NOW, this 24th day of September, 2018, upon consideration of the motions to dismiss Defendant's "Amended Counterclaim/Cross Claim and Third Party Complaint," and the accompanying memorandums in support thereof, filed in the above-captioned matter by Third Party Defendants Continental Service Group, Inc. a/k/a ConServe (Doc. No. 49) on January 8, 2018, Windham Professionals Inc. (Doc. No. 53) on January 11, 2018, Progressive Financial Services Inc. (Doc. No. 62) on February 2, 2018, and Performant Recovery, Inc.[1] (Doc. No. 71) on March 27, 2018 (hereinafter "Third Party Defendants"), and in further consideration of the brief in opposition thereto (Doc. No. 75) and the "Motions to Join Third-Party Defendants as

---

[1] The Court notes that Performant Recovery, Inc. is the successor in interest to Diversified Collection Services, Inc.

1

Plaintiffs" (Doc. No. 74), filed by Defendant and Third Party Plaintiff Melissa A. Deuerling (hereinafter "Third Party Plaintiff") in the above-captioned matter on May 7, 2018,

IT IS HEREBY ORDERED that, for the reasons set forth herein, Third Party Defendants' motions to dismiss are GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(5). IT IS FURTHER ORDERED that the claim set forth in Count V of the Amended Counterclaim/Cross Claim and Third Party Complaint is hereby DISMISSED as to Third Party Defendants Continental Service Group, Inc. a/k/a ConServe, Windham Professionals Inc., Progressive Financial Services Inc., and Performant Recovery, Inc.

IT IS FURTHER ORDERED that Third Party Plaintiff's "Motions to Join Third-Party Defendants as Plaintiffs" are DENIED.

## I. **Background**

As the Court has previously noted in its orders, because Third Party Plaintiff is pro se, the Court has consistently granted her a great deal of leeway in this action wherein the United States seeks to collect on student loan debts allegedly incurred by Third Party Plaintiff and owed to the United States. The Amended Complaint, filed on August 14, 2014, contends simply that Third Party Plaintiff executed a series of promissory notes to secure student loans, and that she defaulted on her obligations and is now indebted to the United States as reinsurer of the loans in the amount of $23,417.93, plus a filing fee, interest, and costs. (Doc. No. 8). On September 3, 2014, Third Party Plaintiff filed a Motion to Dismiss the Amended Complaint (Doc. No. 11), which the Court denied. Third Party Plaintiff subsequently filed an Answer to Amended Complaint, and Counterclaim. (Doc. No. 20). In response, the Government filed a motion to dismiss Defendant's counterclaims. (Doc. No. 22).

On July 20, 2015, instead of filing a brief in opposition to the Government's motion, Third Party Plaintiff filed a pleading entitled "Third Party Complaint" (Doc. No. 24) which, as the Court noted at the time, was essentially an amended pleading that elaborated on her previously filed Answer to Amended Complaint, and Counterclaim. The Court declared the Government's Motion to Dismiss moot, and ordered the Government to respond to the counterclaims contained in the Third Party Complaint. (Doc. No. 25). In response, the Government filed a new Motion to Dismiss Defendant's Counterclaim (Doc. No. 26), and the Court ordered Third Party Plaintiff to respond.

On November 9, 2015, Third Party Plaintiff responded by filing yet another pleading, entitled "Amended Counterclaim/Cross Claim and Third Party Complaint" (Doc. No. 31) (hereinafter, "Amended Third Party Complaint"). By this time, the Amended Third Party Complaint included claims against the Government under the Federal Tort Claims Act, the Fair Debt Collection Practices Act ("FDCPA"), and the Privacy Act; a claim against Thomas I. Puleo and KML Law Group, P.C. under the FDCPA; as well as claims against a number of other entities, including a claim against Third Party Defendants for declaratory and injunctive relief. The Court, once again, denied the Government's previously filed motion to dismiss because it addressed what was no longer the most recent pleading, and ordered the Government to file a response to the claims in the Amended Third Party Complaint. (Doc. No. 32).

On December 10, 2015, the Government filed Plaintiff's and Third Party Defendants' Motion to Dismiss Defendant's Amended Counterclaim (Doc. No. 33). The Court granted the motion on September 28, 2016, dismissing all of Third Party Plaintiff's claims against the Government and its agencies. (Doc. No. 38).

On June 16, 2017, Third Party Defendants Thomas I. Puleo and KML Law Group, P.C. filed their Motion to Dismiss Defendant Melissa A. Deuerling's Amended Third Party Complaint. (Doc. No. 39). Among the arguments that Mr. Puleo and KML Law Group, P.C. presented was the contention that, because Third Party Plaintiff had failed to serve them with summonses and copies of the Amended Third Party Complaint in a timely manner in accordance with the Federal Rules of Civil Procedure, her claim against them should be dismissed. On January 25, 2018, the Court granted the motion, dismissing Count VIII of Defendant's Amended Third Party Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 60).

Currently before the Court are a number of motions to dismiss Defendant's Amended Counterclaim/Cross Claim and Third Party Complaint that were subsequently filed by additional Third Party Defendants Continental Service Group, Inc. a/k/a ConServe (hereinafter "ConServe") on January 8, 2018, Windham Professionals Inc. (hereinafter "Windham") on January 11, 2018, Progressive Financial Services Inc. (hereinafter "Progressive") on February 2, 2018, and Performant Recovery, Inc. (hereinafter "Performant") on March 27, 2018. Among the various arguments presented by ConServe, Windham, Progressive and Performant (hereinafter "Third Party Defendants") is the contention that—as with Mr. Puleo and KML Law Group, P.C.—because Third Party Plaintiff failed to serve them with summonses and copies of the Amended Third Party Complaint in a timely manner in accordance with the Federal Rules of Civil Procedure, her claim against them should be dismissed. [2]

---

[2] Although Performant bases its motion to dismiss on Rule 12(b)(6) for failure to state a claim upon which relief can be granted, rather than Rule 12(b)(5) for insufficient service of process, Performant states in its brief that the summons in this case was not issued to it until "November 9, 2017, two years after the filing of the Amended Third Party Complaint in violation of Fed.R.Civ.P. 4(m)." (Doc. No. 72, at 6 n.3). Additionally, the docket indicates that Performant was not actually served until December 27, 2017. (Doc. No. 47).

On May 7, 2018, in response to Third Party Defendants' motions to dismiss, Third Party Plaintiff filed a brief in opposition thereto which did not address the issue of inadequate service of process, but which did, as an alternative, ask the Court to join Third Party Defendants as plaintiffs in the case. On that same date, Third Party Plaintiff also filed her corresponding "Motions to Join Third-Party Defendants as Plaintiffs," which the Court considers here as well.

## II. Legal Analysis: Insufficient Service of Process

According to the Federal Rules of Civil Procedure, a court may dismiss a case based upon insufficient service of process. See Fed. R. Civ. P. 12(b)(5). Additionally, "[t]he party asserting the validity of service bears the burden of proof on that issue." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

Federal Rule of Civil Procedure 4(b) provides that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Rule 4(c) states further that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." At the time this case commenced, Rule 4(m) specified that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order

---

Additionally, although Progressive entitled its motion a motion to dismiss pursuant to Rule 12(b)(6), its brief also includes an argument that the claim against it should be dismissed for failure to serve in a timely manner. Progressive also notes that the same facts and claims have been made against the various Third Party Defendants, and that if the Court finds grounds to dismiss the claims in the other parties' motions to dismiss, "the same legal reasoning should apply to Progressive as well." (Doc. No. 63, at 2 n.1).

Thus, because the Court considers herein the dismissal of Third Party Plaintiff's claim against ConServe and Windham pursuant to Rule 12(b)(5) for insufficient service of process, the Court considers dismissing the claim against Performant and Progressive based on 12(b)(5) as well.

that service be made within a specified time."³ Rule 4(m) further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."⁴

The Court of Appeals for the Third Circuit has relied upon a two-step process in determining whether to extend the time for service set forth in Rule 4(m). See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). A district court must first analyze whether good cause exists for the party's failure to comply with the time limit. See id. Good cause is primarily determined based on a party's asserted reasons for the delay. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). In determining whether good cause exists, courts have considered factors such as "'(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time.'" Holmes v. St. Vincent Health Ctr., No. 06-199E, 2007 WL 2541790, at *2 (W.D. Pa. Aug. 31, 2007) (quoting Steele v. HCI Direct, No. 02-4347, 2004 WL 1699611, at *1 (E.D. Pa. July 29, 2004)).

If the court finds that good cause exists for the failure to serve, then an extension of time must be granted. See McCurdy v. American Bd. of Plastic Surgery 157 F.3d 191, 196 (3d Cir. 1998). In the absence of good cause, however, the court must decide whether to grant a discretionary extension of time. See MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1098 (3d Cir. 1995); Petrucelli, 46 F.3d at 1305. "In deciding whether to exercise discretion to extend time for service in the absence of a finding of good cause, the Advisory Committee Note

---

³ Although the 2015 amendments to the Federal Rules of Civil Procedure shortened the time for service from 120 days to 90 days, this change has no effect on the analysis in this case.

⁴ The Court notes that Rule 4(m) applies to service of third party complaints brought under Rule 14(a). See Roberts v. Leasure, No. 05-3495, 2006 WL 1967335, at *3 (E.D. Pa. July 11, 2006).

6

to the 1993 amendment states that '[r]elief may be justified for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service . . . . The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petititon.'" Banks v. United States Marshals Serv., No. 15-127, 2016 WL 241675, at *3 (W.D. Pa. Jan. 5, 2016). Courts, when deciding whether to grant a discretionary extension, may consider factors including actual notice of the action, prejudice to the defendant, statute of limitations, conduct of the defendant, whether the plaintiff is represented by counsel, and any other relevant factor. See Carinci v. 7-Eleven, Inc., No. 15-1294, 2016 WL 1319724, at *2 (W.D. Pa. Apr. 5, 2016). Finally, "a district court has wide discretion in deciding whether to extend time for service under Rule 4(m)." Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 528 (M.D. Pa. 2010).

In the present case, Third Party Plaintiff undoubtedly failed to effectuate service upon Third Party Defendants within the prescribed 120-day period.[5] In fact, although Third Party Plaintiff filed her Amended Third Party Complaint on November 9, 2015, the docket indicates that summonses were not even issued as to Third Party Defendants *until two years later,* on November 9, 2017. The Docket further indicates that ConServe was eventually served on December 22, 2017 (Doc. No. 48), and Performant was served on December 27, 2017 (Doc. No. 47). Progressive states in its brief that it was served on November 9, 2017 (Doc. No. 63, at 2), while Windham explains that it was finally served on or about December 21, 2017. (Doc. No. 54, at 3). The Court must therefore consider whether Plaintiff has shown good cause for such extensive delay.

---

[5] Because the Amended Third Party Complaint was filed on November 9, 2015, the 120 days provided by Rule 4(m) expired on or about March 9, 2016.

7

As noted, supra, good cause is mainly determined by considering a party's asserted reasons for delay. Upon review of Third Party Plaintiff's response to the motions to dismiss, however, the Court notes that, although she bears the burden of proof on this issue, Third Party Plaintiff has failed to provide *any explanation whatsoever* for her failure to serve Third Party Defendants in a timely manner. In fact, in Third Party Plaintiff's brief, she failed to respond in any way to Third Party Defendants' claim of failure to serve, and included therein only a general subheading stating that the motions should be denied, followed by a completely blank section in the text. (Doc. No. 75, at 4). Thus, the claims regarding Third Party Plaintiff's failure to serve are essentially unopposed.

As a result, in evaluating the reasonableness of her efforts to serve in a timely manner, Third Party Plaintiff has provided the Court with no justification for her failure to serve Third Party Defendants until more than two years after the Third Party Complaint was filed. As explained, supra, the Court must consider the fact that Third Party Defendants may indeed be prejudiced by not having had notice of the claim against them for such a long period of time. Moreover, the Court notes that, while Plaintiff appears to have expended little to no effort in prosecuting her claim against Third Party Defendants, she never even went so far as to seek from the Court an enlargement of time in which to effect service.[6] Accordingly, the Court concludes that Third Party Plaintiff has failed to show good cause for her failure to serve Third Party Defendants in a timely manner.

Since no good cause has been shown for the delay in service of process, the Court must next determine whether to grant Third Party Plaintiff a discretionary extension of time. First, the

---

[6] Additionally, ignorance of the procedural rules does not constitute good cause. See, e.g., Sykes v. Blockbuster Video, 205 Fed. Appx. 961, 963 (3d Cir. 2006) (noting that neither inadvertence of counsel nor a pro se litigant's unfamiliarity with procedural rules constituted good cause for failure to comply with the time limit for service of process).

Court emphasizes once again that Third Party Plaintiff never requested that the Court grant her a discretionary extension of time in which to serve Third Party Defendants, nor has she asked that the extremely late service upon Third Party Defendants be deemed excusable for any reason. Although Third Party Plaintiff is pro se and should therefore be granted a certain amount of leniency in procedural matters, see Law v. Schonbraun McCann Group, LLC, No. 08-2982, 2009 WL 3380321, at *3 (D.N.J. Oct. 19, 2009), the Court has been exceedingly lenient with Third Party Plaintiff throughout this case. Again, the Court notes the potential for prejudice to Third Party Defendants from having had no notice of the action against them for such a long period of time. Also, the Court is mindful of the fact that Third Party Defendants have not engaged in any nefarious behavior such as attempts to evade service or efforts to conceal any defect in attempted service, nor was the delay in service attributable to any confusion or delay regarding an *in forma pauperis* petition. Additionally, the Court must seriously consider the overarching fact that the delay at issue here is quite serious since Third Party Plaintiff failed to effect service *for over two years*. See, e.g., id. (declining to extend a discretionary extension where a valid summons was over 30 days late).

Finally, the Court acknowledges that even a dismissal without prejudice could potentially bar Third Party Plaintiff's claim, at least to the extent that it alleges a violation of the FDCPA.[7] Nevertheless, although the running of the statute of limitations may constitute a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m), it "does not require the district court to extend time for service of process." Petrucelli v. Bohringer and

---

[7] The Court notes that Count V of the Amended Third Party Complaint states, "Pursuant to the Fair Debt Collection Practices Act, Defendant is entitled to an injunction directing the Third Party Defendants to Cease and Desist from further collection activity." (Doc. No. 31, at ¶ 170). However, in her brief in response to the motions to dismiss, Third Party Plaintiff states that "Count V is not simply a FDCPA action." (Doc. No. 75, at 4). She also therein "vehemently note[s] that Count V is not a FDCPA action and is clearly an action seeking to adjudicate and prevent multiple liabilities." (Doc. No. 75, at 4).

9

Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995). In fact, a district court may "still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." Id. The Court stresses once again that, in this case, Third Party Plaintiff had ample time in which to serve Third Party Defendants, never asked the Court for an extension of time, and—even in responding to the motions to dismiss—never provided any explanation for her failure to serve in a timely manner. Thus, after careful consideration of the various factors at issue here, the Court finds that a discretionary extension of the Rule 4(m) period for service of summonses and copies of the Amended Third Party Complaint is not warranted in this case.

Therefore, Third Party Defendants' motions to dismiss should be granted based on insufficient service of process pursuant to Rule 12(b)(5).

Furthermore, rather than addressing the issue of failure to serve in her response to the motions to dismiss, Third Party Plaintiff instead proposes alternatively that—if her claim against Third Party Defendants is dismissed—the Court should order that Third Party Defendants be joined as Plaintiffs in the case pursuant to Federal Rules of Civil Procedure 19 or 20.[8] (Doc. No. 74; Doc. No. 75, at 4-6). More specifically, Third Party Plaintiff actually concedes in her "Motions to Join Third-Party Defendants as Plaintiffs" (which was filed in conjunction with her "Brief in Opposition to Motions to Dismiss; and, in Support of Motions to Join Third-Party Defendants as Plaintiffs"), "Perhaps the third-party defendants are correct: Rather than be sued on the declaratory claim at Count V of the Third Party Complaint, they should be plaintiffs." (Doc. No. 74, at 1).

---

[8] Although Third Party Plaintiff's motion asks that the Court join Third Party Defendants as plaintiffs pursuant to Rule 19 or Rule 20, her brief only addresses joinder pursuant to Rule 19, and, since Rule 20 pertains to permissive joinder of parties—which clearly would not apply here—the Court addresses only the possible applicability of Rule 19.

Third Party Plaintiff's attempt to seek joinder of Third Party Defendants as required parties, however, is misguided.  Federal Rule of Civil Procedure 19(a) provides as follows:

> **(a) Persons Required to Be Joined if Feasible.**
>    (1) **Required Party.**  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>       (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>       (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>          (i) as a practical matter impair or impede the person's ability to protect the interest; or
>          (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Thus, an entity must be joined as a party only if complete relief cannot be granted without that party's presence, or if not joining that entity as a party will result in prejudice.  See id.; Victoria Ins. Co. v. Mincin Insulation Servs., Inc., 2009 WL 90644, at *7 (W.D. Pa. Jan. 14, 2009).  In this action, as explained supra, the United States has sued Third Party Plaintiff to recover unpaid student loan debt that it is allegedly owed.  No allegations have been made that Third Party Defendants have any legal right to the student loans owed by Third Party Plaintiff to the United States, and no allegations against Third Party Defendants indicate to the Court that the presence of those entities is required in this case in order to adjudicate the United States' claim.  Third Party Defendants here simply do not qualify as required parties under Rule 19.  The Court therefore finds that Third Party Plaintiff's motion for joinder is without merit and should be denied.

### III. Conclusion

Accordingly, Third Party Defendants' motions to dismiss the Amended Third Party Complaint are granted. Specifically, Count V of the Amended Counterclaim/Cross Claim and Third Party Complaint is therefore dismissed as to ConServe, Windham, Progressive and Performant for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Additionally, Third Party Plaintiff's "Motions to Join Third-Party Defendants as Plaintiffs" are denied.

s/ Alan N. Bloch  
Alan N. Bloch  
United States District Judge

cc:    Counsel of Record

       Melissa Deuerling  
       2802 Sebolt Road  
       South Park, PA 15129